Mims Street
Limited Liability Co.

v.

G.D.C., Inc., and
Gerald D. Cooper

December 4, 1995

Case No. (Law) 139929

By Judge Richard J. Jamborsky

After careful consideration, the Court overrules G.D.C., Inc.'s demurrer with respect to all counts and sustains Defendant Gerald D. Cooper's demurrer to Counts 2 and 3 with leave to amend.

Mims Street Limited Liability Co. ("Mims") alleges G.D.C., Inc. ("GDC") and C. D. Robinson entered into a lease on December 24, 1991. The lease ran from February 1, 1992, to January 31, 1994. Before the existence of the lease and pursuant to an Assignment of Rents, Profits, and Leases, C. D. Robinson assigned the lease to Central Fidelity Bank on December 8, 1987, as additional security for a loan secured by a Deed of Trust on the property. On September 29, 1994, Central Fidelity Bank assigned the lease, all notes, and all rights of action to Mims. Mims later purchased the property at a foreclosure sale. (The motion for judgment does not reveal the date or circumstances of the foreclosure sale.) Mims alleges in Count 1 that GDC breached the lease agreement by using the property as an illegal dump site and transfer station. Mims also alleges in Counts 2 and 3 that GDC and Gerald D. Cooper, the president of GDC, are liable jointly and severally for statutory and common law waste of the property.

GDC demurs to Count 1 (Breach of the Lease) on the grounds that the December 8, 1987, Assignment of Rents, Profits, and Leases did not make

Central Fidelity Bank or its successors or assigns a mortgagee in possession of the premises. GDC contends Mims was not assigned any causes of action under the assignment for breach of the lease, but was only assigned, at most, the rents due under the lease. Hence, Mims cannot sue for breach of the lease agreement.

"A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993) (citation omitted). It is clear Mims has sufficiently alleged facts in paragraphs 7 through 11 in the motion for judgment to support a cause of action for breach of the lease. Since Mims did not include the Assignment as an exhibit to the motion for judgment, the Court will not consider whether the Assignment was as limited as GDC alleges. If GDC wanted the Court to consider and examine the exact wording of the December 8, 1987, assignment, GDC should have moved the Court craving oyer with respect to the lease or filed a plea in bar on the issue. Thus, the Court overrules GDC's demurrer with respect to Count 1.

GDC demurs with respect to Counts 2 and 3 of the motion for judgment on the grounds that Mims lacks standing to sue for waste because Mims did not have an ownership interest in the property until after the lease ended and after the property was allegedly subjected to waste. Thus, Mims was not "any party injured" pursuant to Va. Code § 55-211. Additionally, GDC had no duty to Mims not to commit waste under the common law because Mims was not GDC's landlord. Finally, GDC contends the economic loss rule precludes recovery because Mims lacks privity of contract with GDC. Mims alleges standing based on its status as the Note holder of the Deed of Trust on the property, as the current owner of the property, and as the assignee of the lease. Finally, Mims contends the economic loss rule is not applicable to the instant case because § 8.01-223 specifically states lack of privity is no defense in a case involving injury to property because of negligence.

The Court finds Mims has standing as an assignee to sue for waste, but lacks standing as the Note holder and current owner. According to the Motion for Judgment, Central Fidelity Bank assigned all causes of action to Mims. As stated above, the Court will not consider whether the assignment was as limited as GDC contends. Thus, Mims obtained the right to sue for waste when Central Fidelity Bank allegedly assigned all causes of action to Mims. Mims lost its standing as a Note holder to sue for waste,

however, when it purchased the property at the foreclosure sale. As GDC observes in their Response Memorandum in Support of Demurrer, Mims' rights under the deed of trust were merged with the legal title at the foreclosure sale and the deed of trust ceased to exist. Mims could sue as the Note holder to protect its security only if Mims currently owned any notes secured by the property that are senior in priority to the note alleged in the motion for judgment. Mims has not alleged any such notes in its motion for judgment, however. Mims also lacks standing as the current owner to sue for waste because Mims was on notice of the defects when it bought the property at the foreclosure sale. The law in Virginia is clear that the rule of *caveat emptor* applies to those purchasing property at a foreclosure sale.

The Court also finds the economic loss rule is inapplicable in the instant case. Mims alleged facts to support a cause of action for the torts of statutory and common law waste. Since Mims alleged GDC committed these torts wilfully, the economic loss rule does not apply.

Mims alleges in its motion for judgment that Defendant Cooper, President of GDC, authorized, directed, ratified, and participated in the waste. Cooper demurs on the grounds that the motion for judgment fails to demonstrate how Cooper is liable individually. According to Cooper, § 55-211 only imposes liability on a tenant for waste. Since GDC, the corporation, was the tenant in this case and Cooper was not the tenant, Cooper is not liable under the code. Cooper argues he cannot be liable for common law waste (Count III) because he was under no duty to prevent waste since an action for waste under common law presupposes a landlord-tenant relationship and Cooper was neither.

Mims contends Cooper is liable if he personally perpetrated the tort on behalf of or for the benefit of GDC. In such a case, Mims need not "pierce the corporate veil" because Cooper's actions constitute a separate tort.

The Court sustains Cooper's demurrer to Counts 2 and 3. Specifically, Cooper lacks the necessary possessory interest to be liable under § 55-211 because he was not a tenant under or a party to the lease. Additionally, he is not liable under common law waste because he was not in "rightful possession" of the property. According to *Chosar Corp. v. Owens*, 235 Va. 600, 663 (1988), waste is the "destruction or material alteration or deterioration of the freehold . . . by *any person rightfully in possession*, but who has not the fee title or the full estate." (emphasis supplied) (citing *Black's Law Dictionary* 1425 (5th ed. 1979)). Thus, waste is not, as Cooper suggests, a cause of action that can only arise out of a landlord-tenant

relationship, however, it is clear Cooper was not a person in rightful possession of the property since GDC was the tenant under the lease. It would have been more appropriate for Mims to have brought an action for trespass against Cooper because Cooper had no possessory interest in the land.

It is of no moment that Cooper may have authorized and directed the waste because Cooper was not in rightful possession of the property. Mims may not disregard the corporate entity and impose individual liability on Cooper because statutory and common law waste require the necessary possessory interest for liability to adhere. As Mims argues in Plaintiff's Opposition to Demurrer of Gerald D. Cooper, the cases holding that an agent for a corporation may be held liable for acts committed on behalf of the corporation are all based on the agent's actions constituting a separate tort. In the instant case, however, whatever tort Cooper may have committed, he could not have committed either statutory or common law waste because he had no possessory interest in the property.