## CIRCUIT COURT OF FAIRFAX COUNTY

Blanchette

v.

Toll Brothers, Inc., et al.

April 6, 1999

Case No. (Law) 176526

BY JUDGE JONATHAN C. THACHER

This matter comes before the Court on Defendants' Demurrer. The issues presented are whether Plaintiffs have properly alleged causes of action in tort with causes of action in contract in the same Motion for Judgment and whether Plaintiffs have pleaded a cause of action for violation of the Virginia Consumer Protection Act, Va. Code § 59.1-196. For the reasons set forth below, Defendants' Demurrer is sustained in part and overruled in part.

In order to plead a breach of contract and a tortious breach of duty in the same action, the duty tortiously or negligently breached must be a common law duty not existing between the parties solely by virtue of the contract. *Foreign Mission Board v. Wade*, 242 Va. 234, 241 (1991). In this case, Plaintiffs have pleaded actual and constructive fraud in the inducement of the contract. Duties that arise during negotiation of the contract are independent of the duties created by the contract itself. Therefore, a fraud in the inducement claim is properly pleaded with a breach of contract action.

Furthermore, the representations made during the course of negotiation are representations of present material facts for the purposes of fraud. A promise intended not to be performed is a misrepresentation of present fact and, if made to induce the promisee to act to his detriment, is actionable as an actual fraud. *Colonial Ford v. Schneider*, 228 Va. 671, 677 (1985). Therefore,

Counts I and IV of the Motion for Judgment are properly pleaded, and the demurrer shall be overruled. However, Count II merely repeats the cause of action alleged in Count IV, so the demurrer shall be sustained as to Count II.

Defendants also demur to Counts III (Breach of Contract) and VI (Breach of Warranty) based on the grounds that Plaintiffs should be limited in their recovery to the terms stated in the contract and warranty and based on an arbitration clause in the contract. A demurrer is to be sustained when the pleading does not state a cause of action or fails to state facts upon which the relief demanded can be granted. Va. Code § 8.01-273. A demurrer admits the truth of all material facts properly pleaded, and the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993). The arguments advanced by the Defendants do not attack these counts for failure to state a claim but rather argue that, as a matter of law, they are entitled to a limitation on damages or a restriction on the causes of action. That argument is appropriate for summary judgment but not demurrer. The Demurrer is overruled as to Counts III and VI.

The Demurrer is sustained as to Count V (Revocation of Acceptance, Rescission, and Restitution). Plaintiffs' pleading states a remedy, but it does not state a cause of action. However, Plaintiffs have properly requested this equitable remedy in conjunction with their claims of actual and constructive fraud. This action shall be transferred in its entirety to the chancery side of the Court so that the proper relief can be granted, if appropriate.

As to Count VII, the Virginia Consumer Protection Act excludes those aspects of a consumer transaction which are regulated by the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.* Va. Code § 59.1-199(c). In this case, Plaintiffs have alleged misrepresentations regarding the goods and services provided to them by Defendants. Plaintiffs do not base their cause of action on any aspect of the transaction related to financing or consumer credit. Therefore, the Federal Consumer Credit Protection Act does not control, and the Virginia Consumer Protection Act is applicable. *See also, Drake v. Livesay*, 231 Va. 117 (1986). The Demurrer to Count VII is overruled.

Finally, Plaintiffs allege Negligence Per Se in Count VIII of the Motion for Judgment. Under Virginia Supreme Court Rule 1:4(k) and Va. Code § 8.01-272, Plaintiffs are entitled to plead alternative theories of recovery. Though Defendants are correct in citing the rule of *Foreign Mission Board* in this case, Plaintiffs have alternatively pleaded for rescission of the contract. If

Plaintiffs are successful on their fraud claims, then the rule of *Foreign Mission Board* will not bar recovery on a negligence claim. Plaintiffs have pleaded sufficient facts to state a claim for Negligence Per Se, and the Demurrer to Count VIII is overruled.

For the reasons stated above, the Demurrer is overruled as to Counts I, III, IV, VI, VII, and VIII and sustained as to Counts II and V. The entire action will also be transferred to chancery.