## CIRCUIT COURT OF LOUDOUN COUNTY

Eric Sheldon Lyles

v.

Town of Purcellville et al.

April 23, 1999

Case No. (Law) 20985

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on March 31, 1999, for argument on the Plea in Bar and Demurrer filed by the Town of Purcellville, John Marsh, Lisa Payne, Paul D. Arbogast, Beverly MacDonald, George Grob, and Loren Kropat (the individual defendants being respectively the Mayor, Vice Mayor, and members of the Town Council of the Town of Purcellville) to the Second Amended Motion for Judgment filed by Eric Sheldon Lyles. Mr. Lyles asks the Court "to order the Defendants to either make Plaintiff's [commercially zoned] property a part of the Comprehensive Plan [as commercial rather than residential as it is currently shown on the Plan] and pay damages for its willful refusal to include said subject property on the Comprehension Plan as agreed by counsel and judicially decreed and pay such damages as justly due." I have considered the memoranda subsequently filed by counsel.

For the reasons that follow, the Plea in Bar and the Demurrer are sustained, and the Second Amended Motion for Judgment is dismissed with prejudice.

Mr. Lyles requests that this Court declare that the adoption of the Comprehensive Plan by the Town Council on June 9, 1998, is an unconstitutional taking of his property and/or direct that his property be designated as commercial in the Plan and award actual and punitive damages.

The Plea in Bar asserts that the claim against the individual defendants is barred by the doctrine of sovereign immunity. The Demurrer asserts that no cause of action has been stated against the Defendants in the Second Amended Motion for Judgment.

In ruling on the Plea in Bar and the Demurrer, I must consider as true the facts alleged in the Second Amended Motion for Judgment, as well as all facts that can be reasonably inferred from the facts actually alleged therein.

### Facts Alleged and Inferred from the Facts Alleged In the Second Amended Motion for Judgment

Mr. Lyles is African-American and a former member of the Town Council. He is the owner of several parcels of real property located on South 20th Street in the Town. The property has been used for commercial purposes since the 1940s. Mr. Lyles currently operates a funeral home on the property.

The property was annexed into the Town and continued its commercial status, although it was zoned residential. In 1985, at Mr. Lyle's request, the Town Council rezoned the property from residential to commercial zoning. This commercial zoning was reaffirmed by the Town Council in 1989 when it deleted certain proffers from the 1985 rezoning.

In 1991 the Town Council considered proposed revisions to the Town zoning ordinance. The proposed revisions did not include all of the property as being commercially zoned. Mr. Lyle, who was then a member of the Town Council, advised the Council of this, but it failed to include all of Mr. Lyle's property as commercially zoned.

In March 1991 Mr. Lyles brought suit in this Court against the Mayor, Vice Mayor, members of the Town Council, the Town Manager, and the Zoning Administrator of the Town of Purcellville. The suit was settled by a consent order entered January 24, 1992.

Although the Town agreed that the property would be zoned commercial under the consent order, it did not include a commercial use for the property in its Comprehensive Plan. In 1998 the Town Council considered revisions to the Plan. Despite Mr. Lyles' request and being warned by him "of the dire consequences" if the Town Council did not include his property as commercial in the Plan revisions, the Town Council voted to designate the property as residential in the Plan.

Although there are no actual facts alleged concerning the following facts, I think that such facts are inferred from the actual facts alleged.

1. The property had a commercial use; it was zoned residential until it was rezoned to commercial in 1985.

2. All the land surrounding the property is zoned residential. The property was rezoned commercial to validate its actual use predating a zoning ordinance for the Town and its annexation into the Town.

3. The property has always been included in the Town's Comprehensive Plan for future residential use.

With these factual allegations, Mr. Lyles goes forward with the following allegations.

A. The actions of the Defendants were "taken with malicious, capricious, and arbitrary disregard for the rights of the Plaintiff [Mr. Lyles] with the intent to continually cause irreparable harm to the future use of the Plaintiff's property."

B. The Defendants "knew and were put on notice that this property, by Order of Court, was judicially decreed that this property would receive full commercial zoning without any limitations."

C. The Defendants "arbitrarily refused to address" the issue of a commercial use designation for the property in the Plan.

D. By refusing to designate the property for a commercial use in the Plan, the members of the Town Council, individually and in their respective capacity, have caused "economic damage" to Mr. Lyles. He alleges no specifics of such damages.

E. The Defendants took on a course of action adverse to the interests of Mr. Lyles with total disregard to his business and economic interest in his business.

F. The Defendants were fully advised that their actions had caused Mr. Lyles harm in the past and that their new course of conduct would cause "dire consequences." He alleges no specifics of such past harm.

G. The Defendant's only interest was to harm Mr. Lyles and arbitrarily force this suit to the detriment of Mr. Lyles.

H. The actions of the Defendants were malicious because they knew from letters from Mr. Lyles' attorney that their actions would cause this suit.

I. The individual Defendants, in their individual capacities, took deliberate actions against the interests of Mr. Lyles who is African-American "for racially motivated and racially discriminatory reasons with a view to harm him and his business economically and with the intent to destroy or render it ineffective to compete in the mortuary and funeral business in the community."

*The Order Entered January 24, 1992*

Mr. Lyles alleges that the order entered January 24, 1992, required the Town Council to designate his property for a commercial use in the 1998 Town Comprehensive Plan. In other words, Mr. Lyles feels that the order carried with it not only an agreed zoning of his property as commercial, but also a requirement that the property be designated as commercial in the Comprehensive Plan. I do not agree with Mr. Lyles.

A defensive pleading such as a plea in bar or a demurrer does not admit the correctness of conclusions of law. Mr. Lyles alleges as a conclusion of law that he is entitled by virtue of the order to a commercial designation for his property in the 1998 Plan.

The order is completely silent as to the Town Comprehensive Plan. It is elementary that a Comprehensive Plan is not a zoning ordinance but is only a guideline for zoning ordinances. *See, e.g., Fairfax County v. Snell Corp.*, 214 Va. 655, 660 (1974).

A consent order such as the one entered January 24, 1992, is a contract among the parties to the litigation. Therefore, I must apply the same rules of interpretation applicable to contracts generally. The words used in the order are unambiguous; thus, the meaning and effect of the agreement is a question of law to be determined by the Court.

Where an agreement is complete on its face, is plain and unambiguous in its terms, a court is not at liberty to search for its meaning beyond the agreement itself. I think the consent order is complete on its face and unambiguous.

It is clear to me that the consent order dealt only with the zoning of Mr. Lyles' property. I do not think that an agreement to zone property necessarily implies an agreement to include a similar commercial designation for the property in a comprehensive plan. A comprehensive plan is general in nature, while a zoning ordinance is specific. A comprehensive plan shows long-range recommendations for the general development of the territory covered by the plan. *See* Virginia Code § 15.2-2223.

Therefore, Mr. Lyles has no right under the order entered January 24, 1992, to have his property designated for commercial use in the 1998 Comprehensive Plan.

*Plea in Bar*

The basis for the Plea in Bar is that the individual defendants are immune from liability under the doctrine of sovereign immunity. If a member of the

Town Council acts in a legislative capacity, then he or she is absolutely immune from claims of racial discrimination and deprivation of due process and equal protection. *See, Berkley v. Common Council of City of Charleston,* 63 F.3d 295 (4th Cir. 1995).

As stated above, Mr. Lyles has no right to a commercial designation for his property in the Plan. Therefore, he cannot be deprived of anything by not having such designation. He has not shown that the Town Council did not have the legislative discretion to determine how his property would be designated in the 1998 Plan.

Mr. Lyles has tried to frame his allegations in the context of alleged racial discrimination so as to strip the members of the Town Council of their legislative immunity. He only makes the broad, conclusory allegation that the actions of the Town Council amount to a violation of his civil rights. In order to state a civil rights violation claim because of something done by a town council which it had the legislative discretion to do, Mr. Lyles needs to allege facts to show that he was discriminated against because of his race. He has not done so despite having two opportunities to amend his motion for judgment.

Having alleged no facts to support his conclusory allegation of a civil rights violation, Mr. Lyles has not alleged facts to deprive the individual Defendants of their legislative immunity.

### *Demurrer*

A demurrer admits the truth of all material facts properly pleaded. If a motion for judgment contains sufficient allegations of material facts to inform a defendant of the true nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand a demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.,* 246 Va. 22, 24 (1993).

As stated above, Mr. Lyles is not entitled by virtue of the court order entered January 24, 1992, to have his property commercially designated in the 1998 Plan. The Town Council has the legislative prerogative to establish the long-range recommendations for the general development of the territory in the Town. If the conclusory allegations of civil rights violations are ignored, then there are no facts alleged to show the Town Council did anything other than what it had the legislative discretion to do. All the land around Mr. Lyles' property has always been zoned residential. His property represents a grandfathered island of commercial use in a residential zone. On its face, it makes sense that the Town Council could conclude that the long-range recommended development and use of Mr. Lyles' property be residential. Mr.

64

Lyles has not been able to allege, despite three attempts, facts that show that the Town Council's actions were motivated by racial discrimination.

Mr. Lyles has failed to allege facts to put the Defendants on notice of exactly what it is about what the Town Council did that constituted a civil rights violation. He has no right to the commercial designation in the Plan under the 1992 court order. There is no unconstitutional taking of his property by not including it as commercial in the Plan. He has the right to the commercial use of the property as allowed by the zoning ordinance. The Comprehensive Plan does not deprive Mr. Lyles of this right.

### Final Decree

Let Mr. Boykin prepare the final decree sustaining the Plea in Bar and the Demurrer and dismissing the Second Amended Motion for Judgment with prejudice. Mr. Stafford may note his exceptions to the decree. Mr. Lyles has already had two opportunities to amend his Motion for Judgment. A third opportunity will not be granted.