# CATERCORP, INC.

v.

# CATERING CONCEPTS, INC., ET AL.

Record No. 920915

June 11, 1993

Present: All the Justices

*S. Vernon Priddy, III (Douglas P. Rucker, Jr.; Sands, Anderson, Marks & Miller, on briefs), for appellant.*

*Hugh M. Fain, III (David Shane Smith; Spotts, Smith & Fain, on brief), for appellees.*

JUSTICE COMPTON delivered the opinion of the Court.

In this dispute among parties engaged in the catering business, we must decide whether the court below properly sustained defendants' demurrer. This is another case "in which a trial court incorrectly has short-circuited litigation pretrial and has decided the dispute without permitting the parties to reach a trial on the merits." *Renner* v. *Stafford*, 245 Va. 351, 352, 429 S.E.2d 218, 219 (1993).

 "A demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Rosillo* v. *Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988). "On demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading." *Flippo* v. *F & L Land Co.*, 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991).

 When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer. *Hunter* v. *Burroughs*, 123 Va. 113, 129, 96 S.E. 360, 365 (1918). And, even though a motion for judgment or a bill of complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer; if a defendant desires more definite information, or a more specific statement of the grounds of the claim, the defendant should request the court to order the plaintiff to file a bill of particulars. *Alexander* v. *Kuykendall*, 192 Va. 8, 14-15, 63 S.E.2d 746, 749-50 (1951).

In a second amended bill of complaint (amended bill), appellant CaterCorp, Inc. sued appellees Catering Concepts, Inc., Robert D. James, and Lorraine N. Henicheck seeking injunctive relief and damages. Defendants demurred. The trial court, upon consideration of memoranda of law and argument of counsel, sustained the demurrer, denying plaintiff's request for leave to further amend.

The court also refused plaintiff's request that sanctions be imposed against two defendants for allegedly improper conduct during discovery proceedings. We awarded the plaintiff an appeal from a March 1992 final decree dismissing the amended bill with prejudice.

The amended bill contains 35 numbered paragraphs in four counts and incorporates by reference seven attached exhibits. We shall summarize the facts, adhering to the foregoing settled principles. For purposes of this discussion, we will state the facts as if they are true, although the defendants, in their answer, have denied almost every allegation of the amended bill.

The plaintiff is a Virginia corporation engaged in the business of providing catering and related services to the general public for profit under the trade name ''Pearce's Parties.'' Defendant Catering Concepts, a Virginia corporation chartered in May 1991, also provides catering and related services to the public. Defendant James, a former employee of plaintiff, is an officer and director of the defendant corporation and owns fifty percent of its stock. Defendant Henicheck (Mrs. Henicheck) is the wife of John T. Henicheck (Henicheck) and owns the other fifty percent of the corporate defendant's stock.

Henicheck is a former officer, director, stockholder, and employee of the plaintiff and resigned as such pursuant to the provisions of a May 1991 Release and Settlement Agreement. Attached to the Settlement Agreement were six exhibits including an April 1988 Employment Agreement between the plaintiff and Henicheck.

According to the Settlement Agreement, in a noncompetition covenant, Henicheck promised that, for two years beginning April 1, 1991, he would not contact any of the plaintiff's past or present customers or provide any services to such customers that are the same as or similar to services provided by plaintiff. The noncompetition covenant purportedly applied to any person or entity with which Henicheck became affiliated. Also, the Settlement Agreement bound Henicheck to the provisions of the Employment Agreement, which also contained a covenant not to compete. In addition, the Settlement Agreement prohibited Henicheck, or anyone with whom he became affiliated, from hiring certain persons listed in the Agreement without the plaintiff's written consent.

The amended bill further alleges that Henicheck is affiliated with defendant corporation in violation of the Settlement and Employment Agreements. In the alternative, the plaintiff alleges that Mrs.

Henicheck's affiliation with defendant corporation is "a subterfuge, concealment and/or obfuscation for and of" Henicheck's involvement with defendant corporation.

Parenthetically, we mention at this point that the plaintiff and Henicheck are parties to separate litigation pending in the trial court and arising from this controversy. That case had been treated as a companion to this case during the proceedings below.

In the amended bill, the plaintiff further alleges that defendant James became aware of the requirements of Henicheck's Employment Agreement. The plaintiff charges that, while James and Henicheck were still employed by the plaintiff, they conspired to unlawfully circumvent the Agreement's provisions. At the time, Henicheck was planning to terminate his employment with plaintiff in order to compete with plaintiff.

According to the amended bill, the scenario would play out as follows. James would terminate his employment with plaintiff and establish a business in direct competition with plaintiff. Henicheck would provide all or part of the capital required for James to establish the competing business. Henicheck, using his contacts with plaintiff's customers, would solicit customers for the competing business. Both James and Henicheck would be compensated for their efforts from revenues of the competing business. Henicheck would operate one or more other, unrelated businesses, fulfill his capital funding obligation to the competing business through Mrs. Henicheck, and receive his compensation through Mrs. Henicheck, all in efforts to obfuscate and conceal the true nature of the dealings between Henicheck and James.

The plaintiff further alleges that Mrs. Henicheck, aware of the provisions of the Employment Agreement, conspired with Henicheck and James to engage in, and assist with, the foregoing prohibited activities, and that the trio engaged in the prohibited activities to assist, aid, and abet Henicheck in circumventing his obligations under the Employment Agreement. The plaintiff also alleges that the plot between James and Henicheck, occurring while they were plaintiff's employees, constituted fraud and a breach by them of "their fiduciary, contractual, employment, and other duties" to plaintiff, including unlawful conversion by them of plaintiff's property (confidential and proprietary information). Plaintiff specifically alleges that defendants acted with "express intent to interfere in [plaintiff's] contractual relationships with

Henicheck and with [plaintiff's] Customers'' to maliciously injure plaintiff's ''property, rights and reputation.''

In summary, plaintiff alleges that defendants, in violation of ''common law and/or statute'' as well as in violation of the Employment and Settlement Agreements, have unlawfully converted plaintiff's property to their own use, conducted business or provided services that are the same or similar to those the plaintiff provided to its customers, tortiously interfered with plaintiff's relations with its clients, hired individuals named in the Settlement Agreement without plaintiff's consent, and conspired in association with Henicheck to willfully and maliciously injure plaintiff in violation of Code §§ 18.2-499 and -500 (criminal and civil penalties for conspiracy to injure another in trade, business, or profession).

In the first count, plaintiff seeks compensatory and punitive damages for tortious interference with valid contractual relationships, *i.e.*, the Settlement Agreement, the Employment Agreement, and plaintiff's relationships with its customers. In the second count, plaintiff seeks an award of damages based on common-law conspiracy, and on statutory conspiracy in violation of Code §§ 18.2-499 and -500.

In the third count, plaintiff seeks injunctive relief to enforce the noncompetition covenants. In the fourth count, the plaintiff seeks an award of damages against James for his alleged breach ''of employment, contractual, fiduciary and other duties'' to plaintiff ''which proximately resulted in financial injury'' to plaintiff.

On appeal, in support of the trial court's action, defendants contend that the amended bill is replete with ''perfunctory, broad and conclusory allegations,'' that the pleading shows defendants have ''engaged in nothing more than pure business competition,'' that the plaintiff ''attempts to create out of whole cloth a phantom count for common law conspiracy,'' that plaintiff ''has failed to allege one specific incident'' in which defendants ''intentionally induced a customer or a prospective customer to breach an existing or prospective contract'' with plaintiff, that plaintiff has ''confused'' its case against Henicheck with its ''attempt to embroil'' defendants in that dispute, and that plaintiff's allegation ''that James breached 'employment duties' rings hollow.'' We disagree with defendants' contention that the trial court correctly sustained the demurrer.

■ The first count alleges tortious interference with contracts. The elements of that cause of action under the circumstances of this case are the existence of a valid contractual relationship or business

expectancy, knowledge of the relationship or expectancy on the part of the alleged tortfeasor, intentional interference inducing or causing a breach or termination of the relationship or expectancy, and damage resulting to the party claiming disruption of the relationship or expectancy. *Chaves* v. *Johnson*, 230 Va. 112, 120, 335 S.E.2d 97, 102 (1985). A rehash of the allegations that we have already summarized is unnecessary to demonstrate that the amended bill contains sufficient specificity on the foregoing elements to survive demurrer on this count.

The second count deals with conspiracy, both common-law conspiracy and statutory conspiracy. The common law recognizes a cause of action against those who conspire to induce the breach of a contract, even when one of the alleged conspirators is a party to the contract. *Worrie* v. *Boze*, 198 Va. 533, 540-41, 95 S.E.2d 192, 198-99 (1956). "The gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use unlawful means." *Gallop* v. *Sharp*, 179 Va. 335, 338, 19 S.E.2d 84, 86 (1942). To recover in an action for statutory conspiracy to harm a business, a plaintiff must prove a combination of two or more persons "for the purpose of willfully and maliciously injuring another in his reputation, trade, business or profession," Code § 18.2-499, and resulting damage to the plaintiff, Code § 18.2-500. *Allen Realty Corp.* v. *Holbert*, 227 Va. 441, 449, 318 S.E.2d 592, 596 (1984). *See Tazewell Oil Co.* v. *United Va. Bank*, 243 Va. 94, 107-09, 413 S.E.2d 611, 618-19 (1992). The facts alleged in the amended bill dealing with this count, previously outlined, sufficiently state claims under both theories.

The third count involves a request for injunctive relief. Equity will enforce noncompetition covenants by injunction when warranted by the facts of the particular case. *Worrie* v. *Boze*, 191 Va. 916, 926, 62 S.E.2d 876, 881 (1951). Even though none of the defendants was a party to the agreements containing Henicheck's covenants not to compete, the plaintiff may be entitled to an injunction if it proves, as alleged, the conspiracy involving defendants and that, because of Henicheck's affiliation with defendants, plaintiff will suffer irreparable injury because defendants are providing catering services to plaintiff's customers.

Finally, count four relates to the activities of defendant James for breach of certain employment duties. In the trial court, defendants stated that James, as an employee at will, owed the plaintiff

"the duties of good faith and fair dealing during the time period he was actually employed by the plaintiff." In the amended bill, the plaintiff repeatedly alleged that James engaged in certain improper conduct while still employed by plaintiff that induced or encouraged Henicheck to breach the terms of the Employment Agreement. These allegations are sufficient to state a case for breach of the employment duties that defendants say exist.

Therefore, we hold that the trial court erred in sustaining the demurrer, and we will remand the suit for trial. Thus, we do not reach the question whether the plaintiff should have been allowed to further amend its pleading. And, we find no abuse of discretion in the trial court's refusal to impose sanctions.

Accordingly, the judgment below will be

*Affirmed in part,*
*reversed in part,*
*and remanded.*