## CIRCUIT COURT OF FAIRFAX COUNTY

Eileen F. Lehman

v.

Reston Homeowners' Association et al.

November 23, 1993

Case No. (Chancery) 130731

BY JUDGE STANLEY P. KLEIN

Following argument on August 13, 1993, this Court sustained the Defendant's Demurrer to Plaintiff's Bill of Complaint and granted the Plaintiff leave to amend her Bill of Complaint to set forth facts sufficient to allege a cause of action in this matter.[1] On October 29, 1993, the parties argued the Demurrer to Plaintiff's Amended Bill of Complaint. At oral argument, Plaintiff affirmed that she had attached to her Amended Bill of Complaint all relevant documents that she intended to rely on in this proceeding. After oral argument, the Court took this matter under advisement. The Court has reviewed each of the memoranda filed by the parties and for the reasons hereinafter set forth, the Demurrer is sustained and this cause is dismissed.

In her Amended Bill of Complaint, Ms. Lehman contends that the Reston Association ("Association") must administer and enforce the protective covenants contained in the Deed of Dedication of Reston ("Reston Deed"). Plaintiff has attached and incorporated the Reston Deed to her Amended Bill of Complaint as Plaintiff's Exhibit A. At oral argument, Plaintiff relied on Article III, Section III.2(a), of this document, titled "Purposes of the Association," which states, in relevant part, that "The purposes of the Association are . . . [t]o interpret, administer and enforce the protective covenants and restrictions of this

---

[1] The Court stated at the hearing that the Bill of Complaint was deficient in that (1) it did not set out facts to support an *obligation* of the Association to take the requested action and (2) that the potentially affected neighbor was not a party to this suit.

Deed . . . ." In addition, relying on Article VIII, Section VIII.8(c), "Effect of Prior Deeds of Dedication,"[2] Plaintiff argues that the Association has an affirmative obligation to enforce prior decisions rendered by the Design Review Board (formerly the Architectural Board of Review). Plaintiff has misconstrued the import of these provisions.

Article VIII, Section VIII.3, of the Reston Deed, titled "Enforcement," states, in relevant part:

> (a) The Association, any Cluster Association, any condominium association or housing cooperative within the Property, and any Owner *shall have the right* to enforce all provisions in this Deed by any proceeding at law or in equity
> . . . .
>
> (c) Failure to enforce any provision of this Deed shall in no event be deemed a waiver of the right to do so thereafter, nor shall any liability attach to the Association or any other person or organization for failure to enforce such provision.

(Emphasis added.)

Neither subsection VIII.3(a) nor (c) creates an affirmative *obligation* on the part of the Association to enforce the protective covenants in the Reston Deed. Clearly, the Association has the *right* to do so; however, rights are not affirmative obligations. Moreover, subsection (c) clearly states that no liability shall attach to the Association for failure to enforce any provision of the Reston Deed. While Plaintiff is correct that Article III, Section III.2(a), states that one of the Association's purposes is to enforce the Reston Deed's protective covenants and restrictions, general purposes do not constitute specific affirmative obligations. Absent any showing that the Association has breached an affirmative legal obligation in this matter, this Court cannot interfere with the decision making processes of the Association's internal management by requiring the Association to enforce either the provisions of the Reston Deed or prior Architectural Board of Review decisions.[3] The Association is clearly not obligated to do so by the terms of the

---

[2] Section VIII.8(c) reads, in relevant part: "The decisions of the Architectural Board of Review under the prior Deeds of Dedication shall continue in full force and effect, and the Design Review Board, the Association and all affected owners shall be bound thereby."

[3] Likewise, while Section VIII.8(c) of the Reston Deed suggests that decisions of the Architectural Review Board under the prior Deeds of Dedication remain in full force

same Deed upon which the Plaintiff relies. *Cf. Penn v. Pemberton & Penn, Inc.*, 189 Va. 649, 660 (1949) (discussing the business judgment rule).

While the Court is mindful of the Supreme Court's opinion in *Cater-Corp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993), when all the substantive allegations of the pleadings and all accompanying exhibits referenced and attached thereto are considered, there is simply no legal basis upon which this Court can grant the relief sought herein by the Plaintiff. As the Amended Bill of Complaint fails to state a cognizable claim under Virginia law, the Demurrer is sustained and this matter is dismissed.

---

and effect, that Section does not impose any affirmative enforcement obligations concerning those prior Board decisions. *See supra* text accompanying note 2. While it appears a landowner may be bound by those prior Board decisions should the Association elect to enforce them, the Association is not obligated to enforce those decisions pursuant to Section VIII.8(c).