## CIRCUIT COURT OF FAIRFAX COUNTY

Dora Adkins

v.

Fairfax County School Board, et al.

May 21, 1997

Case No. (Law) 156546

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Defendant Dr. Teressa Caldwell's Demurrer and Plea of Sovereign Immunity to Count III of the First Amended Motion for Judgment.[1] The Court has considered the arguments, both oral and written, made by counsel as well as the authorities relied on by each. Based on the allegations of negligence set forth in the First Amended Motion for Judgment, Caldwell's Demurrer is sustained as to Count III, and Count III is accordingly dismissed.

### I. *Background*

This case stems from an incident which allegedly occurred between Plaintiff, Dora Adkins, a teacher at McLean High School, and the principal of that school, Defendant Caldwell. Adkins alleged that Caldwell defamed her in front of her students when she accused Adkins of lying about a donated computer she was supposed to deliver to the school. Adkins brought suit against Caldwell and the Fairfax County School Board. Based on the Court's May 9th rulings, Fairfax County School Board is no longer in this lawsuit, as all claims against it were dismissed with prejudice.

---

[1] At a hearing on May 9, 1997, the Court ruled on Caldwell's Demurrers to Counts I and II and the Fairfax County School Board's Plea of Sovereign Immunity.

## II. *Caldwell's Demurrer to Count III*

Count III of the First Amended Motion for Judgment is titled "Negligence." Incorporating all of the previous allegations, Plaintiff states "[i]n doing the things herein alleged, Defendants, and each of them, acted negligently." First Amended Motion for Judgment, ¶ 26. Due to this negligence, "Plaintiff suffered the damages described in Paragraph 11." *Id.* at ¶ 27. In paragraph 11, Plaintiff alleged that she "suffered embarrassment, humiliation, mental anguish, inconvenience, loss of enjoyment of life as well as emotional stress."

Caldwell demurred based on the ground that she was not adequately put on notice of what the claim is. This was the reason the Court sustained her demurrer to Count III of the original Motion for Judgment. No substantive changes were made to Count III in the First Amended Motion for Judgment.

On May 9, 1997, the Court granted leave to Plaintiff to file a Bill of Particulars as to Count III within one week. No such Bill was filed, and therefore, since the week has run, the Court must rule on Caldwell's Demurrer based on the allegations before it.

A demurrer tests the sufficiency of a pleading to state a cause of action upon which the relief demanded can be granted. Va. Code § 8.01-273 (1992 Repl. Vol.). On demurrer, a trial court must accept as admitted those facts "expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *CaterCorp v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993) (citation omitted).

Even when the Court liberally construes the allegations in Count III and the inferences arising therefrom, the claim still fails. Assuming without deciding that a mere allegation of negligence is generally sufficient to withstand demurrer,[2] the only possible interpretation of the allegations in Count III is that they state a claim for negligent infliction of emotional distress ("NIED").

To state a claim for NIED when there is no contemporaneous physical contact,[3] one must allege a resulting physical injury. *Hughes v. Moore*, 214 Va. 27, 34 (1973). The Virginia Supreme Court has specifically held that symptoms of an emotional disturbance do not constitute the requisite physical injury for a NIED claim. *Myseros v. Sissler*, 239 Va. 8, 12 (1990). Therefore, Plaintiff's alleged embarrassment, humiliation, mental anguish, inconvenience, loss of enjoyment, and emotional stress are not physical injuries. *See* First Amended Motion for Judgment, ¶ 11. Because Plaintiff has failed to state a

---

[2] *See* Va. S. Ct. Rule 3:16(b).
[3] Adkins has not alleged any physical contact by Caldwell.

claim for which she could be compensated, Caldwell's Demurrer to Count III is sustained.

### III. *Caldwell's Plea of Sovereign Immunity to Count III*

Based on the dismissal of Count III by Caldwell's Demurrer, the Court need not reach this issue as it is moot.

### IV. *Conclusion*

Based on the reasons set forth above, the Court sustains Caldwell's Demurrer to Plaintiff's negligence claim, Count III, and dismisses it.