# CIRCUIT COURT OF LOUDOUN COUNTY

Taylor

v.

Harvie et al.

October 22, 1998

Case No. (Law) 21103

BY JUDGE JEAN HARRISON CLEMENTS

This matter is before the Court on Defendant Harvie's Demurrer. Upon consideration of the record and argument of counsel, heard October 8, 1998, the Demurrer is sustained for the reasons that follow.

A demurrer admits the truth of all well-pleaded material facts, including all reasonable factual inferences fairly and justly drawn from the facts alleged. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993). The facts alleged in the Motion for Judgment are recited herein only to the extent needed to explain the Court's decision.

Briefly stated, this is an action for legal malpractice stemming from attorney Harvie's legal representation of Kirwan & Company, P.C., in proceedings for the collection of debts. With respect to some of his actions or inactions in the course of that representation, Mr. Harvie allegedly breached the standard of care and the contractual duty he owed his client, Kirwan & Company, P.C., causing that client to suffer damages. The Plaintiff, Mr. Taylor, who was at all times relevant hereto a principal of Kirwan & Company, P.C., alleges in the Motion for Judgment that Kirwan & Company, P.C., assigned its claim of legal malpractice to him.

Defendant Harvie demurs to the Motion for Judgment asserting that Virginia law prohibits the assignment of legal malpractice claims to third parties. The Motion for Judgment, he maintains, therefore fails, as a matter of law, to state a valid claim and cannot be cured by repleading.

The Court agrees that in Virginia a claim of legal malpractice against an attorney may not be assigned by a former client to a third party. *MNC Credit Corp. v. Sickels*, 255 Va. 314, 318 (1998). The common law did not permit such an assignment, and the General Assembly has done nothing to alter that rule. *Id.* at 317, 318. Clearly, then, the instant Plaintiff's legal malpractice claim against Defendant Harvie cannot survive demurrer. Nor can such a deficiency be cured by amending the Motion for Judgment.

The question arises, however, as to whether Mr. Taylor also asserted in the Motion for Judgment a separate action for breach of contract against attorney Harvie as a third-party beneficiary, and, if so, whether that claim is able to withstand the Demurrer presently before the Court. No cause of action is specifically labeled or otherwise identified in the Motion for Judgment. The Motion for Judgment is broken down into two counts, but they are essentially the same cause or causes of action, simply applied to two different factual situations. The Plaintiff does allege, however, in Count I that the "Defendant's … failures in representing Kirwan … constituted negligent acts and breaches of the contractual obligation owed to Kirwan," and further alleges in Count II that the "Defendant's failures … constituted both negligent acts and breaches of the Defendant's contractual obligation." Defendant Harvie would have the Court find that these allegations constitute but a single asserted cause of action for legal malpractice, which pursuant to *MNC Credit Corp.* should be dismissed with prejudice.

The Court, however, is of the opinion that the Plaintiff did assert in the Motion for Judgment a cause of action for breach of contract under the third-party beneficiary contract theory. Nevertheless, in order to proceed under that theory, the party claiming the benefit must show that the parties to the contract entered into that contract with the clear and definite intent of conferring a direct benefit on that third party. *MNC Credit Corp. v. Sickels*, 255 Va. 314, 320 (1998). Here, the Plaintiff has failed to allege, expressly or by inference, any facts that, even if proven at trial, would support a finding that he was a third-party beneficiary to the contract between the Defendant attorney and Kirwan & Company, P.C. His allegation that he was a principal of Kirwan & Company, P.C., is factually insufficient to establish that Mr. Harvie and Kirwan & Company, P.C., intended to confer a benefit on him. Consequently, the Motion for Judgment fails to state a valid cause of action against Defendant Harvie.

Accordingly, Defendant Harvie's Demurrer is sustained as to both causes of action asserted by the Plaintiff, with leave granted the Plaintiff, if he be so advised, to amend the Motion for Judgment as to his breach of contract claim.

He may have twenty-one days from this date to do so. The claim against Mr. Harvie for legal malpractice is dismissed with prejudice.