## CIRCUIT COURT OF FAIRFAX COUNTY

One Stop Pet, Inc., et al.

v.

Eastern Business Machines, Inc.

June 15, 1999

Case No. (Law) 175110

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court on May 28, 1999, for argument on the Defendant's "Objection and Demurrer" to the Amended Motion for Judgment. As the Court did not have the memoranda referred to in the argument, the case was taken under advisement.

All memoranda now have been received and reviewed, and the Court overrules the Objection to adding a party plaintiff and the demurrer to Counts I and IV and sustains the demurrer to Counts II and III for the reasons set forth below.

### Objection to New Party

In its objection, the defendant merely states "plaintiff cannot add or join additional parties by way of an amended Motion for Judgment." This clearly is an incomplete, and therefore incorrect, statement. The plaintiff recognized its error and filed a motion for leave to add new party, thus supplying a response to the missing phrase "without leave of court."

Technical issues having been resolved, the defendant asserts that it would be prejudiced by the granting of leave in that (1) Chang & Goodwin Enterprises, Inc., was a known party at the time the Motion for Judgment was filed and (2) it would extend the statute of limitations for Count IV. The first argument is the classic two-edged sword as, on its face, it demonstrates the lack of surprise. The second argument is premature as the granting of leave

does not make determinations of statute of limitations defenses or "relation back" arguments, neither of which are before the Court.

The Court grants leave to add Chang & Goodwin Enterprises, Inc., as a party plaintiff without prejudice to the defendant's right to raise any defenses to its claims, including but not limited to statute of limitations and misjoinder.

*Demurrer*

Preliminarily, the plaintiffs object to the defendant filing its Invoice # 71864 in support of its demurrer. A demurrer is a challenge to the legal sufficiency of a pleading and is limited to the four corners of the document. The Court sustains the objection and will not address arguments relating to terms and conditions contained in other documents.

The Demurrer attempts to raise three areas of legal defects: (1) lack of implied warranties, (2) lack of privity of contract, and (3) insufficient factual pleadings.

## A. *Lack of Implied Warranties*

In this case, the plaintiff concedes in its Amended Motion for Judgment and memoranda that the causes of action arise under a "finance lease" and that the defendant is a "supplier." The Virginia Commercial Code § 8.2A-212 and § 8.2A-213 imply warranties of merchantability and fitness for a particular purpose in a lease contract "except in a finance lease." Counts II and III clearly rely upon the implied statutory warranties and therefore are insufficient to state a cause of action as a matter of law. The demurrer to Counts II and III is sustained without leave to amend, and these counts are dismissed.

## B. *Lack of Privity of Contract*

As stated above, the defendant is the supplier of goods under the finance lease and is not a party thereto. The defendant asserts that this lack of a contractual relationship bars any claim against it for breach of express warranties under the lease or for negligent misrepresentation of fact. Virginia Commercial Code § 8.2-209 provides (in part):

> The benefit of a supplier's promises to the lessor including those of any third party provided in connection with or as part of the supply contract and of all warranties, whether express or implied, under the supply contract, extends to the lessee to the extent of the lessee's

leasehold interest under a finance lease related to the supply contract
.... .

It seems clear that the plaintiffs may have a cause of action against the defendant for breach of express warranties under the finance lease. Further, the Amended Motion for Judgment alleges the relationship, knowledge, express warranties, and provisions to assert any warranty claim against the supplier. This contention under the demurrer is overruled.

## C. *Insufficient Factual Pleading*

As to Counts I and IV, defendant asserts that there is a failure to plead sufficient facts to support either breach of express warranty or negligent misrepresentations of fact. The Amended Motion for Judgment alleges that the defendant would supply a new cash register system which would have the enumerated functions and capabilities (para. 5), that it would be a TEC ST-5500 system (para. 6), that it supplied a TEC ST-4500 system (para. 9), that the defendant promised the installed system would perform the designated functions better (para. 9), that the plaintiffs relied upon the representations (para. 10), that the system did not meet the represented specifications (para. 11), that the defendants failed to correct the deficiency (para. 11), and that the plaintiff has been damaged (para. 13).

A demurrer admits the truth of all material facts properly pleaded, as well as those impliedly alleged or reasonably inferred from the facts alleged. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993). The demurrer to Counts I and IV is overruled.

### *Conclusion*

The Court grants leave to add Chang & Goodwin Enterprises, Inc., as a party plaintiff, overrules the demurrer to Counts I and IV, and sustains the demurrer to Counts II and III without leave to amend. The defendant is instructed to file responsive pleadings within twenty-one days from entry of an Order hereon.