# CIRCUIT COURT OF THE CITY OF RICHMOND

Frank Almeter et al.

v.

Virginia Department of Taxation

November 6, 2000

Case No. LL-821-4

BY JUDGE RANDALL G. JOHNSON

This is an action brought by 76 retired federal employees, "both individually and as representatives of all others similarly situated," against the Virginia Department of Taxation (Department). Plaintiffs seek a refund of state income taxes "illegally and unconstitutionally collected from them;" a declaration that a 3% "Tax Rebate" formerly contained in Va. Code § 51.1-155 violates the federal and state constitutions; and an injunction prohibiting the Commonwealth from "further collection of unequal taxes from the Federal Retirees," "allocating, disbursing, dissipating, or otherwise spending the funds illegally collected from Federal Retirees," and "commingling the funds illegally collected from the Federal Retirees with other tax revenues collected by the Commonwealth." Plaintiffs also seek attorney's fees, costs, and interest on any refunds awarded. The case is before the court on the Department's "plea to the jurisdiction of the court," plea of sovereign immunity, plea of the statute of limitations, and demurrer. Because the court concludes that plaintiff's have not stated a cause of action, only the demurrer needs to be considered. Before doing so, some background is needed.[1]

---

[1] The court recognizes, of course, that if the Department's challenge to the court's jurisdiction has merit, the court cannot address the demurrer. The court holds, however, that the Department's challenge to the court's jurisdiction is without merit and is, in fact, not worthy of further comment, except to note that what the Department really challenges is the relief which plaintiffs seek in this action, not the fact that an action challenging a tax assessment can be brought.

In *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803 (1989), the Supreme Court of the United States held that a state may not exempt from income taxation retirement benefits paid to state retirees unless such exemption is also granted to federal retirees. Although the case specifically involved the tax laws of Michigan, it had the effect of invalidating similar laws in several other states, including Virginia. Accordingly, in 1989, Virginia's General Assembly repealed the exemption that had been granted to state retirees, Acts of Assembly 1989, Spec. Sess. II, c. 3, and in 1994 enacted the Federal Retirees Settlement Program, which authorized the Tax Commissioner "to make settlement payments to taxpayers to resolve disputed claims for refunds of taxes paid with respect to retirement or pension benefits received from a federal retirement system . . . for any taxable year beginning on or after January 1, 1985, and ending on or before December 31, 1988." Acts of Assembly 1994, Spec. Sess. I, c. 5. The 1994 legislation also provided that affected taxpayers "shall be given the option of whether they want to participate in the settlement" and that those who did not want to participate "will have the option of having their entitlement to refunds determined by existing litigation or filing suit themselves. *Id.*, p. 13. Finally, in *Harper v. Virginia Dept. of Taxation*, 250 Va. 184, 462 S.E.2d 892 (1995), the Supreme Court of Virginia held that Va. Code § 58.1-1826 required the state to pay refunds to federal retirees in a number of consolidated actions who had brought suit in *Davis'* wake. With this background in mind, the court will now turn to the case before it.

The present plaintiffs contend that the General Assembly did two things in response to the *Davis* decision that violated 4 U.S.C § 111, which is the federal law that prohibits the "state-retirees-only" exemptions invalidated in *Davis*. First, plaintiffs claim that the General Assembly rebated approximately $15.75 million in a one-time, lump-sum payment to state retirees. Second, plaintiffs claim that the General Assembly increased the retirement benefits paid to state retirees by 3%. Both of those actions, say plaintiffs, were a direct attempt to give state retirees the same benefits they had before *Davis* and, thus, avoid *Davis'* holding. In fact, Va. Code § 51.1-155 was amended in 1994 to add an additional retirement allowance of 3% for state employees who retired between October 1, 1994, and December 31, 1998. That provision was deleted in 1999. The court has not researched whether the lump-sum payment

---

The court also will not address the propriety of plaintiffs' bringing this action "as representatives of all others similarly situated." Class actions are not generally allowed in Virginia. In light of the court's ruling on the demurrer, however, that issue need not be considered.

of $15.75 million was also appropriated in 1994 or at any other time but will, for the purposes of the demurrer, take plaintiff's allegation in that regard to be true. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993). The fact is that neither of those events gives plaintiffs a right to sue.

In *Davis*, both the majority and minority opinions recognized that a state's response to the Court's holding might be exactly what plaintiffs now claim was the response of Virginia's General Assembly; that is, to pay extra money to state retirees to make up for what those retirees lost as a result of being taxed. Neither opinion condemned that response. In his dissenting opinion, Justice Stevens said:

> Even if it were appropriate to determine the discriminatory nature of a tax system by comparing the treatment of federal employees with the treatment of another discrete group of persons, it is peculiarly inappropriate to focus solely on the treatment of state governmental employees. *The State may always compensate in pay or salary for what it assesses in taxes.* Thus a special tax imposed only on federal and state employees nonetheless may reflect the type of disparate treatment that the intergovernmental tax immunity forbids because of the ability of the State to adjust the compensation of its employees to avoid any special tax burden on them. . . . It trivializes the Supremacy Clause to interpret it as prohibiting the States from providing through this limited tax exemption *what the State has an unquestionable right to provide through increased retirement benefits.*

489 U.S. at 824 (emphasis added, citation and footnote omitted).

While not agreeing with the first sentence in the above passage, the majority took no issue with a state's ability to lawfully increase the benefits paid to state retirees to offset the effect of the Court's holding:

> We also take issue with the dissent's assertion that "it is peculiarly inappropriate to focus solely on the treatment of state governmental employees" because "[t]he State may always compensate in pay or salary for what it assesses in taxes." *Post*, at 824. In order to provide the same after-tax benefits to all retired state employees by means of increased salaries or benefit payments instead of a tax exemption, the State would have to increase its outlays by more than the cost of the current tax exemption, since the increased payments to retirees would result in higher federal income tax payments in some circumstances.

This fact serves to illustrate the impact on the Federal Government of the State's discriminatory tax exemption for state retirees. Taxes enacted to reduce the State's employment costs at the expense of the federal treasury are the type of discriminatory legislation that the doctrine of intergovernmental tax immunity is intended to bar.

489 U.S. at 815, n. 4.

Because the actions complained about by plaintiffs, even if true, are the types of actions specifically contemplated and condoned by the Supreme Court of the United States in *Davis*, plaintiffs have failed to state a cause of action. The demurrer must be sustained.