# CIRCUIT COURT OF HANOVER COUNTY

Lori Kramer

    v.

Chase Home Finance, L.L.C., et al.

September 27, 2011

Case No. CL10-1458

BY JUDGE J. OVERTON HARRIS

Before the Court is Defendants' Demurrers to Plaintiff's Complaint. The Court heard argument on September 2, 2011, and took the matter under advisement. Following thorough review of the pleadings, the memoranda, and briefs filed by counsel and the law, the Court finds as follows.

## I. *Background*

On November 8, 2010, Plaintiff filed a Complaint in this Court. Defendants filed Demurrers to Plaintiff's Complaint, and argument was heard on March 25, 2011. On May 19, 2011, the Court sustained Defendants' Demurrers and allowed the Plaintiff leave to file an amended complaint. On June 9, 2011, Plaintiff filed an Amended Complaint. Defendants subsequently filed Demurrers, which are presently before this Court.

## II. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court

may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69.

## II. *Analysis*

### A. *Breach of Contract Claim*

In Plaintiff's Amended Complaint, Plaintiff alleges that, on July 14, 2010, Chase Home Finance ("Chase") wrote a letter to Plaintiff that promises that Chase would not accelerate the note until after July 30, 2010. The letter sent by Chase provides information to the Defendant that is relevant in the event that Plaintiff's loan qualifies as "high risk." Plaintiff fails to allege that Plaintiff's loan is "high risk." The Court finds that, because Plaintiff fails to plead that the loan is high risk, there are insufficient facts to support that the letter was a promise to the Plaintiff. There being no promise, the Court finds that the July 14, 2010, letter cannot be the basis of a contract between the parties.

Plaintiff further alleged that the phone conversation that took place between a Chase representative and Plaintiff before July 30, 2010, constituted a unilateral contract offer. Plaintiff alleged that an IBM representative told Plaintiff that they would withhold foreclosure if Plaintiff applied for a short sale. In order for the unilateral contract offer to be accepted, all conditions precedent must be performed. *Pitts v. Richmond*, 235 Va. 16, 366 S.E.2d 56 (1988). Plaintiff, however, failed to allege sufficient facts to support that Plaintiff applied for a short sale, which was a condition precedent to any contract being formed. Therefore, the Court finds that the Plaintiff has failed to allege sufficient facts to show that the phone conversation formed a contract between the parties.

The Court finds that Plaintiff has failed to alleged sufficient facts to support that any unilateral or bilateral contracts resulted from these communications. Therefore, the Court sustains Defendants' Demurrers to Plaintiff's Breach of Contract claim.

### B. *Breach of Implied Covenant of Good Faith and Fair Dealing*

In the Amended Complaint, Plaintiff alleges a Breach of Implied Covenant of Good Faith and Fair Dealing claim. Plaintiff has failed to allege sufficient facts to support that the Defendants made promises to the Plaintiff based on the communications discussed above. Because the Court finds that no contracts resulted, this case is only about a transfer of realty,

which is outside of the scope of the Uniform Commercial Code. *Greenwood Assocs. v. Crestar Bank,* 248 Va. 870 (1994).

In this case, Chase did not sue Plaintiff in a contract action on the note but enforced the deed of trust through a foreclosure. Assuming without deciding that the Uniform Commercial Code would govern a contract action enforcing the note, the Court finds that the Uniform Commercial Code does not apply to foreclosures. The Court considers the argument that it is inequitable to hold that the Uniform Commercial Code applies to an action on the note but not to the foreclosure. That argument, however, would presume that the borrower is at a disadvantage at the institution of the agreement between the parties. In reality, the borrower is in an equal position and presumed to understand the remedies available to the lender and the difference between the note and deed of trust. The Court finds that no implied covenant of good faith and fair dealing applies in this case. Therefore, the Court sustains Defendants' Demurrers to Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing claim.

## C. *Fraud Claims*

Plaintiff alleged in the Amended Complaint that Chase and IBM Lender Services ("IBM") made fraudulent misrepresentations to Plaintiff on various occasions. Plaintiff alleged that the July 14, 2010, letter promised that Chase would not accelerate the note until after July 30, 2010, if Plaintiff called a certain phone number regarding the loan. Plaintiff further alleges that Chase intended to foreclose on Plaintiff's home regardless of whether or not Plaintiff made that phone call. The July 14, 2010, letter simply provided information in the event that Plaintiff's loan qualified as "high risk." Plaintiff has failed to allege that such loan is "high risk." The Court finds that the July 14, 2010, letter did not promise or represent anything to the Plaintiff on behalf of the Defendants. Therefore, there is no representation for which fraud can be claimed. The Court finds that Plaintiff has failed to allege sufficient facts to support that Plaintiff made such representation.

Plaintiff also alleged that, on August 1, 2010, Plaintiff spoke with an IBM representative who told Plaintiff that IBM would accept a short sale to allow Plaintiff to avoid a foreclosure. The Court sustained Defendants' Demurrer as to this fraud claim on May 19, 2011, and gave Plaintiff leave to amend. The Court finds that the Amended Complaint fails to allege sufficient facts to support any misrepresentation.

Plaintiff alleged that, on August 10, 2010, IBM sent Plaintiff a notice stating that Plaintiff may qualify for the Making Home Affordable Modification Program ("HAMP"). Plaintiff alleged that IBM had no intention of considering Plaintiff for HAMP but fails to provide sufficient facts to support that intent. The Court finds that the Plaintiff failed to plead

sufficient facts to support any intentional misrepresentation or any reliance by the Plaintiff on such representation.

Finally, Plaintiff alleged that, on August 10, 2010, a representative told Kramer in a three-way phone conversation that no foreclosure was scheduled for Plaintiff's home. Plaintiff further alleged that, on August 10, 2010, the home had already been advertised for foreclosure sale on August 27, 2010. The Court finds, however, that Plaintiff fails to allege sufficient facts to show that Plaintiff relied on this conversation to her detriment.

The Court finds that Plaintiff has failed to allege sufficient facts to support that any of the above statements made to Plaintiff were intentionally fraudulent or that Plaintiff relied on those statements. Therefore, the Court sustains Defendants' Demurrers as to Plaintiff's Fraud claims.

### D. *Breach of Fiduciary Duty*

In the Amended Complaint, Plaintiff alleged a Breach of Fiduciary Duty. On May 19, 2011, this Court sustained Defendants' Demurrer to Plaintiff's Complaint. After reviewing the Amended Complaint, the Court finds that Plaintiff has failed to allege any additional material facts or law regarding Plaintiff's Breach of Fiduciary Duty claim. Therefore, the Court sustains Defendants' Demurrers as to Plaintiff's Breach of Fiduciary Duty Claim.

### E. *Quiet Title Claim*

In the Amended Complaint, Plaintiff alleged a Quiet Title claim. The Complaint fails to allege Plaintiff's interest in the property and/or identify any instrument of record which constitutes a cloud on the title. In fact, Plaintiff admits that the property is encumbered and that Plaintiff fell into arrears on the note encumbering the property. A claim for quiet title requires that the Plaintiff plead that she has either fully satisfied her obligations or that the debt was otherwise cancelled or forgiven. *Tapia v. United States Bank, N.A.*, 2010 U.S. Dist. Lexis 62448, 30-31 (E.D. Va. June 22, 2010). The Court finds that Plaintiff has failed to allege sufficient facts to support any claim of superior title by Plaintiff. Therefore, the Court sustains Defendants' Demurrers as to Plaintiff's Quiet Title claim.

### F. *Declaratory Judgment Claim*

In the Amended Complaint, Plaintiff prayed for a Declaratory Judgment. On May 19, 2011, this Court sustained Defendants' Demurrers to Plaintiff's Complaint. After reviewing the Amended Complaint, the Court finds that Plaintiff has failed to allege any additional material facts or law regarding

Plaintiff's Declaratory Judgment claim. Therefore, the Court sustains Defendants' Demurrers as to Plaintiff's Declaratory Judgment claim.

## G. *Damages for Emotional Distress*

In the Amended Complaint, Plaintiff alleges damages based on emotional distress. On May 19, 2011, this Court sustained Defendants' Demurrers to Plaintiff's Complaint. After reviewing the Amended Complaint, the Court finds that Plaintiff has failed to allege any additional material facts or law regarding Plaintiff's claim for Emotional Distress damages. Therefore, the Court sustains Defendants' Demurrers as to Plaintiff's claim for damages based on emotional distress.

For the reasons articulated in this letter opinion, the Defendants' Demurrers are sustained. Plaintiff's Complaint is dismissed with prejudice.