# CIRCUIT COURT OF HANOVER COUNTY

Riley Minor Dobson
and Jeff Dobson

v.

Cedar Fair Southwest, Inc.

February 16, 2012

Case No. CL11-1636

By Judge J. Overton Harris

Before the Court are Defendant's Demurrers to the Negligent Hiring and Negligent Retention Counts of Plaintiff's Complaint and Defendant's Motion for Sanctions. The Court heard argument on February 15, 2012, and took the matter under advisement. Following thorough review of the pleadings, the memoranda and briefs filed by counsel, and the law, the Court finds as follows.

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69.

Defendant argued that Plaintiff's Complaint does not state the identity of the employee involved in this case and, further, that the Plaintiff does not know the identity of the employee. Defendant argues that Plaintiff has to prove, ultimately, that the employee had dangerous propensities known to the Defendant and thus necessarily requires that the pleading "identify" the employee. Defendant argued that, because Plaintiff does not know the identity of the employee, Plaintiff has not and cannot sufficiently plead that the Defendant had the necessary knowledge.

In response, Plaintiff argued that the Complaint states sufficient facts to put the Defendant on notice of what the suit is about and states a cause of action. Plaintiff argued that, in the Complaint, specifically in paragraphs 13 and 14, Plaintiff states that the unknown employee lacked skill or judgment required to operate the amusement ride in a reasonable and prudent manner. Plaintiff argued that this is a factual allegation and is sufficient without otherwise identifying the unknown employee. Defendant argued that paragraphs 13 and 14 are mere conclusions and the Plaintiff failed to plead any facts in support of those conclusions.

The Court holds that Plaintiff is not required to do more than identify the relationship between the unknown person and the Defendant to survive a demurrer. The Court finds that paragraph 13 of Plaintiff's Complaint is a factual allegation that the employee lacked skill or judgment required to operate the amusement ride in a reasonable and prudent manner. Having found that such statement is a factual allegation, the Court holds that Plaintiff has pleaded sufficient facts to put the Defendant on proper notice. Further, Plaintiff has pleaded sufficient facts to state a cause of action upon which relief may be granted.

For the reasons articulated in this letter opinion, the Defendant's Demurrers are overruled. Defendant's Motion for Sanctions is, therefore, denied.