# CIRCUIT COURT OF HANOVER COUNTY

Yard Works, L.L.C.

v.

GroundDown
Constructors, L.L.C.,
and Safeco Ins. Co. of Am.

August 28, 2012

Case No. CL11001781-00

By Judge J. Overton Harris

Before the Court is Defendant's Demurrer to Plaintiff's Complaint. The Court heard argument on July 19, 2012, and took the matter under advisement. Following a thorough review of the pleadings, the transcript of the July 19th hearing, and the law, the Court finds as follows.

## I. *Background*

This matter is an action by the subcontractor Yard Works, L.L.C., hereinafter "Yard Works," seeking a judgment to recover on a payment bond against Safeco Insurance Company of America, hereinafter "Safeco," who issued the bond as surety for the "Pounc[e]y Tract Road Extension" transportation project, hereinafter "the Project." The general contractor on the Project is J. L. Kent & Sons, Inc., hereinafter "Kent." GroundDown Constructors, L.L.C., hereinafter "GroundDown," is a subcontractor to Kent providing clearing services to Kent for the Project, part of which included the hauling and dumping of land-clearing debris from the Project site.

Yard Works receives land-clearing debris from the public at its location in Rockville, Virginia; pertinent to this matter is land-clearing debris Yard Works accepted from GroundDown between about March 2010 and June 2010.

Yard Works, having received land-clearing debris that allegedly came from the Project site and also allegedly having entered into a contract with GroundDown to receive such debris at a rate dependant upon the size of the

load, seeks a judgment for the unpaid balance due to it by the codefendant GroundDown and codefendant Safeco.

Safeco, by counsel, argued its demurrer on July 19, 2012, arguing essentially that Yard Works' only claim against Safeco is as surety pursuant to Va. Code Ann. § 2.2-4341, which allows recovery on a payment bond for "claimants who have unfulfilled contracts to supply labor and materials." Dem. Hr'g Tr. 6. Safeco essentially argued that Yard Works "passively" allowed GroundDown to dump the land-clearing debris at its Rockville location; thus, it was argued, Yard Works cannot recover under § 2.2-4341 because it did not supply materials or labor.

## II. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code Ann. § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. 69.

## III. *Rule of Law*

A payment bond on certain public projects is required of general contractors. Va. Code Ann. § 2.2-4337(A). The purpose of such payment bonds is "for the protection of claimants who have and fulfill contracts to supply labor or materials to the prime contractor to whom the contract was awarded, or to any subcontractors, in furtherance of the work provided for in the contract. . . ." *Id.* at § 2.2-4337(A)(2). "Any claimant who has a direct contractual relationship with any subcontractor . . . [but no direct contractual relationship with the prime contractor] . . . may bring an action on the contractor's payment bond . . . [so long as the action is procedurally sufficient] . . ." and the claim is based upon either labor performed or materials furnished for the project. Va. Code Ann. § 2.2-4341(B). These code sections relating to payment bonds "must be liberally construed in favor of materialmen and subcontractors," because the nature of public projects requiring such bonds do not afford the protection of mechanic's liens to them. *Solite Masonry v. Piland Construction*, 217 Va. 727, 730, 232 S.E.2d 759, 761 (1977). In a 1926 case where a surety was seeking to have an adverse judgment reversed where the plaintiff was a superintendent on a road project, the Supreme Court of Virginia, in discussing the provisions of

the bond in determining whether the superintendent could recover for his services on the bond, said:

> The plaintiff's employment by the contractor was a necessary part in the accomplishment of the purposes of the contract, that is, in the construction of the road. It is as necessary to have a directing head in charge of the actual laborer as it is to have laborers to use pick and shovel. Teams and men and material would be useless with insufficient funds or credit to employ a supervising foreman to utilize the other essential elements of road construction. The intention of the parties in this case and in cases of similar character was not to restrict protection to a certain class of labor or a certain class of persons furnishing materials, but the object was to furnish credit to the contractor so that he may be able to secure all classes of labor necessary to prosecute the work and all kinds of material essential to the performance of the work, in order that the contract might be performed, and to this end to protect all persons from whom the contractor might obtain credit for services or wares bearing a sufficiently intimate relationship to the work as to be necessary thereto. Any other construction than this would make the bond a sham and a fraud.

*Fidelity & Deposit Co. of Md. v. Mason*, 145 Va. 138, 144-45, 133 S.E. 793, 795-96 (1926).

In discussing what constituted labor and materials, the Court further said:

> [T]he labor and material furnished is not only, so far as labor is concerned, such as brings sweat to the brow, and, so far as material is concerned, such as becomes an integral part of the completed work, but it includes all labor and material furnished, at the cost and expense of the contractor, necessary to carry out the contract, incurred by the contractor in or about the construction or improvement contracted for.

*Fidelity*, 145 Va. at 147, 133 S.E. at 796.

## IV. *Analysis*

In order to sustain a cause of action seeking a judgment to be satisfied against a payment bond, the claimant must show the following: first, that the project for which materials or labor were supplied was a public project that required a payment bond under code § 2.2-4337(A); second, that

there is a payment bond for that particular project; third, that the claimant was "any subcontractor[], in furtherance of the work provided for in the contract." Va. Code Ann. § 2.2-4337(A)(2). Also, to sustain an action seeking recovery against a payment bond, an indirect subcontractor must meet all the requirements of code § 2.2-4341(B).

In this matter, Safeco is alleging that Yard Works' complaint is insufficient because they have not claimed enough to sustain a cause of action. In Yard Works' complaint, GroundDown is alleged to be a subcontractor to Kent, the primary contractor on the Project, which is a public transportation project secured by a payment bond on which Safeco is the surety. Thus, the requirement at issue is whether Yard Works is a subcontractor "in furtherance of the work provided for in the contract." A further issue is whether Yard Works has sufficiently claimed that it provided either materials or labor so as to fulfill the requirements of a claimant under code § 2.2-4341(B).

GroundDown is alleged to have hauled "stumps, wood, and other debris from the Project as part of [the] clearing." Pl.'s Compl. ¶ 7. GroundDown is further alleged to have "contracted with Yard Works to dump the land-clearing debris from the Project at Yard Works' Rockville site." *Id.* at ¶ 8. Yard Works further alleges that GroundDown agreed on the "charge [of] 100 to 125 dollars a load depending on the size of the load. . . ." *Id.* at ¶ 9. The existence of a debt owed to Yard Works by GroundDown for receipt of the land-clearing debris is further alleged by its letter to Kent and GroundDown dated November 4, 2010, in which it alleges, "[t]he total of the dumping charges equals $23,684.94 including interest." Pl.'s Compl Ex. C. ¶ 2.

Safeco argues that Yard Works' claim under the bond arises from "simply allow[ing] other parties including GroundDown and [ . . . ] the general public [ . . . ] to dump debris at a site that it made available." Dem. Hr'g Tr. 6. However, in Yard Works' complaint and exhibit C attached thereto, it is clearly alleging that money is owed by GroundDown for its having used the available site to dump the debris from the Project. Safeco further argued that, to recover on a payment bond under § 2.2-4337, the claimant must have furnished material or labor "for the construction of improvements." *Id.* at 7. Safeco's view of the matter is Yard Works' passive act of allowing GroundDown to dump debris from the Project is insufficient to qualify as either furnishing materials or labor. *Id.*

## V. *Conclusion*

Where materials are required to complete a project, as is the case when a manufacturer furnishes new materials that are incorporated into and thereby become the finished project, such facts fit easily into the wording of code § 2.2-4337. The facts of this case are not an easy fit; however, Yard Works' complaint alleges that a contract existed between itself

and GroundDown and Yard Works has fulfilled its obligations under the contract by allowing GroundDown to dump the land-clearing debris from the Project at its Rockville site. The only obligation left on the contract is that of GroundDown's payment, which Yard Works seeks to satisfy against the payment bond.

Yard Works having provided a site to dispose of the land-clearing debris is as much a material provision for the Project as if it had supplied newly manufactured products for incorporation in the Project. When a subcontractor is required to haul away the debris from a road project, there exists a necessary, even if implicit, obligation to the prime contractor to dispose of the unwanted material constituting the debris. The provision of such a site, even passively, is as necessary to a road project as is the acquisition of the materials making up the new pavement. Therefore, while not a typical subcontractor, Yard Works is a valid claimant under the code; and thus, Yard Works has alleged enough in its complaint to prevail against Safeco's demurrer.

For the reasons articulated in this letter opinion, the Defendants' demurrer is overruled.