## CIRCUIT COURT OF HANOVER COUNTY

Gibson M. Wright

v.

BMC-NL, L.L.C., et al.

October 17, 2013

Case No. CL13001955-00

By Judge Patricia Kelly

Before the court is Defendant's Demurrer. The court heard argument on October 1, 2013, and took the matter under advisement. Following a thorough review of the pleadings and the law, the court finds as follows.

### I. *Background*

Plaintiff has filed this action subsequent to the foreclosure of the property of NLP that is the subject of a separate action pending in this Court under Case No. CL13-1700.[1] This letter is a companion letter to the one issued in Case No. CL13-1700, a full set of facts and circumstances is recited in that letter. The Defendants did not file a Plea in Bar to this action to prohibit Plaintiff from bringing an action derivatively as a member of the LLC.

The facts that give rise to this action occurred after the initial action was filed. As stated in the previous opinion, BMC was the purchaser of a Note securing the Deed of Trust on the NLP property. After acquiring the Note, BMC appointed Glasser and Markels as Substitute Trustees. Both individuals are members of the law firm of Jackson and Campbell, P.C. The complaint alleges that Jackson and Campbell served as legal counsel for BMC in transfer of the property from Congressional Bank.

On or about April 25, 2013, another member of the law firm of Jackson and Campbell sent Plaintiff a Notice of Trustee's Sale of the property. The notice directed interested parties to contact the Substitute

---

[1] *Wright v. Dee* (2013), see above, page 148. [Reporter's Note]

Trustees with any questions. The complaint alleges that the tax assessed value of the property at the time of foreclosure was $6,097,000, that an appraisal had been completed within the six months prior to the foreclosure indicating a value in excess of $7,000,000, and that the property sold at foreclosure for $5,165,901.48. Other than Jones on behalf of BMC, there was one other qualified bidder at the foreclosure sale.

Plaintiff alleges that a neutral disinterested third party and potential bidder called the substitute trustees on at least three occasions and sent an email inquiry about the property. According to the Complaint, neither of the substitute trustees returned the phone calls or email message.

Plaintiff filed this action against each of the substitute trustees alleging breach of fiduciary duty, against BMC for Tortious Interference with Contract and Business Expectancy, against Jackson & Campbell for Tortious Interference with Contract and Business Expectancy, and Northlake Park, L.L.C.

## II. *Rule of Law*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Va. Code Ann. § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993).

## III. *Analysis*

### A. *Counts I and II: Breach of Fiduciary Duty by Glasser and Markels*

In Virginia, the duties of a trustee are limited and defined by the Deed of Trust. This is a well settled point of law. It is equally well settled that a trustee must treat both debtor and creditor fairly and equally. The trustee cannot work for one to the detriment of the other. Beyond that, there is no fiduciary duty unless contained in the Deed of Trust.

The Complaint fails to allege any duty that was breached by the substitute trustee that is listed in the Deed of Trust. The Complaint also fails to allege that the substitute trustees did anything in favor of or against either the debtor or creditor. The Complaint simply states that, due to their failure to return phone calls and answer an email and because of their association with the law firm of Jackson and Campbell, they breached their fiduciary

duty. Without more, Plaintiff cannot sustain a cause of action for breach of fiduciary duty.

Defendant's Demurrer is sustained with leave to amend.

B. *Count III (Jackson and Campbell) and Count IV (BMC): Tortious Interference with Contract and Business Expectancy*

As stated in the earlier opinion related to this case, these are distinct actions. There is no allegation in this case of an actual contract that could be the basis for a claim of interference with contract; therefore, the elements must establish interference with business expectancy and economic advantage.

Interference with Business Expectancy requires proof of (1) the existence of a business relationship or expectancy with a probability of future economic benefit to plaintiff, (2) defendant's knowledge of the relationship or expectancy, (3) defendant intentionally interfered with the expectancy, (4) defendant used improper means or methods to interfere with the expectancy, and (5) damage to plaintiff. *Preferred Sys. Solutions, Inc. v. GP Consulting, L.L.C.*, 284 Va. 382, 732 S.E.2d 676 (2010).

The first element of interference with Business Expectancy is the existence of a business relationship or expectancy with a *probability* of future economic benefit to plaintiff. The property in question was subject to foreclosure due to non-payment of a debt. The Complaint admits that NLP was in default on the note. Nothing in the complaint indicates that NLP was in a position to satisfy the note or make payment in full as demanded by the Notice of Intent to Accelerate. There is no allegation that the debt was paid. In addition, Plaintiff complains that the property was sold for less than the tax assessed value or the amount of the appraisal by BB&T. It is foreseeable that a property sold at foreclosure will sell for less than fair market value. Plaintiff cannot claim a probability of future economic benefit based on the loss of equity in a property subject to foreclosure.

In addition to the first element, Plaintiff must allege that the defendant intentionally interfered with the expectancy by improper means. Improper methods or means generally involve violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, breach of a fiduciary relationship, violation of an established standard of a trade or profession, unethical conduct, sharp dealing, overreaching, or unfair competition. *See generally, Duggin v. Adams*, 234 Va. 221, 360 S.E.2d 832 (1987).

There is no allegation that the notice given was improper or that there were any irregularities in the actual foreclosure of the property. The only misconduct alleged by Plaintiff is the failure of the substitute trustees to return phone calls or emails from a neutral third party and the relationship between BMC, the law firm of Jackson and Campbell, and the substitute

trustees. Nothing in the allegation rises to the level of misconduct required to sustain a cause of action. Defendant's Demurrer is sustained with leave to amend.

## IV. *Conclusion*

For the foregoing reasons, Defendant's Demurrer to Counts I and II is sustained with leave to amend. Defendant's Demurrer to Counts III and IV is sustained with leave to amend.