478

# CIRCUIT COURT OF LOUDOUN COUNTY

Britt Construction, Inc.

 v.

Magazzine Clean, L.L.C., et al.

February 1, 2006

Case No. (Law) 34898

BY JUDGE THOMAS D. HORNE

Britt Construction, Inc., has filed a seven-count motion for judgment against Magazzine Clean, L.L.C., Thomas Magazzine, Milestone Construction Services, Inc., Keith A. Whitener, Eddy & Eckhardt Architects, Inc., and Philip R. Eddy. It is the contention of the plaintiff that, both individually and collectively, the various defendants were involved in tortious behavior in connection with the construction of a car wash. Plaintiff served as general contractor on the job until removed by the owner, Magazzine Clean, L.L.C., and replaced with the Milestone Construction Services, Inc.

Plaintiff contends that Thomas Magazzine and Magazzine Clean, L.L.C., concealed or misrepresented soils information in connection with the project. Accordingly, Plaintiff asserts that defendants are liable to it in damages for actual and constructive fraud in the inducement in connection with the execution of the construction contract and an amendment. The pleadings are sufficiently expressive of the requisite elements of fraud as to both such defendants to withstand demurrer. To the extent the contracts contain an integration clause, such inclusion of a provision in the contract would not bar a claim for fraud in the inducement. Intent of the party alleged to have committed fraud and reliance by the person defrauded are matters of fact that cannot be shorthanded on demurrer by reference to the terms of the underlying contract. *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671 (1985); *Prospect Development Co.*

*v. Bershader*, 258 Va. 75 (1999); *Armentrout v. French*, 220 Va. 45 (1979). Accordingly, the demurrers to Counts I and II of the Motion for Judgment are overruled.

In Count IV of the Motion for Judgment, the plaintiff asserts claims for tortious inference of contract against defendants Eddy & Echardt Architects, Inc., and Philip R. Eddy. Britt contends that the architectural firm retained by the owner in connection with the construction project is liable for interfering with the construction contract and contract amendment causing its termination.

Central to the tort claims of Britt against Eddy & Echardt are the provisions of the construction contract, that provide:

> 4.2.12. Interpretations and decisions of the Architect [Eddy & Echardt] will be consistent with the intent of and reasonably inferable from the Contract Documents and will be in writing or in the form of drawings. When making such interpretations and initial decisions, the Architect will endeavor to secure faithful performance by both Owner and Contractor, will not show partiality to either, and will not be liable for results of interpretations or decisions so rendered in good faith.

In general, the "owner employs an architect, to a degree, to protect himself from the contractor." *Valley Landscape Co. v. Rolland*, 218 Va. 257, 261 (1977). However, the architect is not always the agent of the owner. *Will & Cosby & Assocs. v. Salomonsky*, 48 Va. Cir. 500, 502 (1999). The scope of the agency relationship is to be determined from the agreement for services. *Id.* Central to the agency relationship is the exercise of control by the principal and the exclusivity of the services rendered by the agent.

In determining whether to sustain the demurrer, the Court must be sensitive to the admonition not to create, "another case 'in which a trial court incorrectly has short-circuited litigation pretrial and has decided the dispute without permitting the parties to reach a trial on the merits'." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993) (citation omitted). Thus, plaintiff's pleading must be judged by familiar principles relating to review on demurrer, that is, "[a] demurrer admits the truth of all material facts properly pleaded. Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *Id.* (authority omitted).

The contract has been pleaded and is before the Court for consideration in addition to the facts alleged in the motion for judgment. *Ward's Equipment, Inc. v. New Holland North America, Inc.*, 254 Va. 379 (1997). Defendants

suggest that, as the agent of the owner, the architect was legally incapable of either tortiously interfering with Magazzine Clean's contract with the plaintiff or conspiring to so interfere with the contract. This argument is consistent with the admonition that "[a] person cannot intentionally interfere with his own contract." *Fox v. Deese*, 234 Va. 412, 427 (1987) (authority omitted). Whether plaintiff is barred from pursuing the claim is contingent on the terms of the contract creating the agency relationship and the facts developed at trial or through discovery.

Plaintiff's allegations sufficiently state an action for tortious interference based upon the contractually expressed limitation upon the nature of the architects agency relationship with the owner, "not [[to] show partiality to either [the owner or contractor]" when rendering interpretations and initial decisions in accordance with the contract documents. To the extent the defendants rely upon claims of privilege at this stage of the proceedings, that position is rejected and the demurrer overruled on that ground with leave to renew such claim upon summary judgment or a trial on the merits.

The demurrer of Eddy & Echardt Architects, Inc., is overruled.

However, the Court will sustain the demurrer as to the individual defendant, Philip R. Eddy. The pleadings fail to adequately state the reason for imposing personal liability on the individual defendant. Plaintiff will be allowed twenty-one days from the date of this letter opinion to file an amended pleading as to Mr. Eddy, should it be so advised.

In Count V of the Motion for Judgment, the plaintiff states a claim for tortious interference of contract against defendants Milestone Construction Services, Inc., and Keith A. Whitener. Defendants, Milestone and Whitener have filed demurrers challenging the legal sufficiency of the pleading. As to the defendant Milestone, the Court finds that the challenge to sufficiency of the pleading by the defendant on demurrer should be rejected. The economic loss rule does not apply to actions for tortious interference. Application of the rule to the instant intentional interference claim is an unwarranted extension of the rule that would limit recovery for economic loss to situations where privity is a prerequisite to recovery and the law of contracts provides a remedy.

The Court finds itself in agreement with the argument made by the plaintiff that, to do otherwise, would render actions for conspiracy and tortious interference meaningless in situations such as this. Moreover, the question of agency is not one that can be resolved on demurrer. Thus, arguments that would challenge the legal sufficiency on the ground that, as agent for the owner, Milestone could not interfere with the contract between its principal and the plaintiff are rejected at this stage of the proceedings. Additionally, the existence of any "personal or independent stake" Milestone may have had and that would

allow recovery against an agent for tortious interference is one of fact that cannot be resolved on demurrer. *Ashco Int'l, Inc. v. Westmore Assocs.*, 42 Va. Cir. 427 (1997).

The demurrer of Milestone Construction Services, Inc., is overruled.

However, the Court will sustain the demurrer as to the individual defendant, Keith A. Whitener. Plaintiff contends in papers filed in opposition to the demurrer that Whitener, "personally committed the wrongful acts alleged in the [motion for judgment]." While the motion for judgment identifies Mr. Whitener as "President and authorized agent of Milestone Construction Services, Inc., [who] acted within the scope of his actual authority as an agent of Milestone," it otherwise contains mere conclusory statements regarding liability. The motion for judgment fails to advise this defendant as to the nature of the relief sought, such that he might file responsive pleadings in the case. Va. Sup. Ct. Rule 1:4(d).

Counts VI and VII of the motion for judgment set forth claims against all of the defendants for civil and statutory conspiracy. The wrongful conduct alleged to be the object of the conspiracy is the interference with the contract between the owner and the plaintiff. Of the nature of such relief, it has been observed:

> [t]he common law recognizes a cause of action against those who conspire to induce the breach of a contract, even when one of the alleged conspirators is a party to the contract. . . . "The gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use unlawful means." To recover in an action for statutory conspiracy to harm a business, a plaintiff must prove a combination of two or more persons "for the purpose of willfully and maliciously injuring another in his reputation, trade, business, or profession."

*CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 28 (1993) (authorities omitted).

Accordingly, the demurrer will be overruled as to all defendants with the exception of Keith A. Whitener and Philip R. Eddy. As to the defendants, Whitener and Eddy, the demurrer will be sustained. As noted earlier, it is incumbent upon the plaintiff to advise these defendants in more than vague generalities as to the nature of the relief sought against them. Plaintiff will be granted twenty-one days from this letter opinion to amend it pleadings as to such individual defendants as it should be advised.