# CIRCUIT COURT OF FAIRFAX COUNTY

Sommer Barry

   v.

Philippe Steinschneider,
Tania Steinschneider,
Steve Reid,
and Laura Reid

July 20, 2015

Case No. CL-2015-3033

BY JUDGE BRUCE D. WHITE

This matter came before the Court on June 26, 2015, for argument on Defendants Philippe and Tania Steinschneider's ("Property Owners") demurrer. At the conclusion of the hearing, the Court took the matter under advisement. The Court is confronted with two main issues in deciding the merit of the demurrer: (1) whether the Complaint sufficiently states facts that Steve and Laura Reids' ("Tenants") improvements were wanton, reckless, or careless to the point that they would support a cause of action for trespass and nuisance, and (2) whether the Complaint alleges adequate facts to support a cause of action for negligence against Property Owners.

## Background

Defendants Philippe and Tania Steinschneider own the property located at 3009 Hutumn Court in Herndon, Virginia, and rented it to Steve and Laura Reid. Plaintiff Sommer Barry owns and lives at the adjacent property, located at 3011 Hutumn Court in Herndon, Virginia. There is a common wall that separates the two properties.

This action for trespass, negligence, and nuisance relates to landscaping work done in 2011 by Tenants. Tenants added fill material to Owners' backyard, which allegedly elevated the grading of the land about twelve

inches above Plaintiff's property. Tenants also allegedly "altered and extended" a rainwater downspout, which used to carry water away from Plaintiff's property. The downspout is now buried and allegedly sends surface water onto Plaintiff's property, which floods the interior of Plaintiff's townhouse. Plaintiff has sought relief for severe flood damage, mold infestation, and costs of obtaining temporary alternate housing. Owners filed a demurrer to the Complaint. The Court heard oral argument on the demurrer on June 26, 2015, and subsequently took the matter under advisement.

## *Arguments*

### A. *Defendants Steinschneiders*

Owners argue that the recent Supreme Court of Virginia case of *Collett v. Cordovana,* whose facts are similar to those in the case at bar, would support sustaining a demurrer in this matter. In *Collett,* the Supreme Court of Virginia found that Collett's failure to plead any facts "from which one could conclude that the defendants acted reckless[ly] or carelessly in modifying their properties" was notable, because it meant they merely did *"what the common law allows them to do in maintaining their properties and a bare legal conclusion that they did so negligently is insufficient."* *Collett,* 290 Va. 139, 772 S.E.2d 584, 2015 Va. LEXIS 87, *10 (June 4, 2015) (emphasis added). As such, the *Collett* Court sustained the defendants' demurrers without leave to amend and the matter was dismissed with prejudice.

In the present matter, with regard to trespass and nuisance, Owners assert that Plaintiff's complaint is insufficient because, based on Virginia's modified common law rule regarding surface water, Plaintiff has not alleged that Owners have done anything beyond what the common law allows them to do in maintaining their property. Plaintiff has merely provided a recitation of Tenants' landscaping work and Owners' authorization of that work.

With respect to the negligence claim, Plaintiff also failed to plead a breach of duty; the Complaint is devoid of facts that Owners personally undertook these improvements. Finally, Owners argue that the new downspout does not create a channel of water and, therefore, the improvement is not reckless, wanton, or careless.

### B. *Defendants Steve and Laura Reid*

Tenants did not file a written response to the demurrer and did not appear for oral argument.

## C. *Plaintiff*

Plaintiff first argues that the Complaint satisfies Virginia's modified common law rule regarding surface water and cites *Collett v. Cordovana* for support.

Plaintiff contends that *Collett* reaffirms the principle that a landowner's power to "fight off" surface water is not unqualified, because landowners are unable to escape liability if, "in filling in [their] lot[s], the defendant[s] acted wantonly, unnecessarily, or carelessly." *Collett,* 772 S.E.2d 584 at 588 (quoting *Mason v. Lamb,* 189 Va. 348, 355, 53 S.E.2d 7 (1949)). Plaintiff argues that she sufficiently alleged that the defendants acted wantonly, unnecessarily, or carelessly because she alleged that Owners dramatically elevated the grade to twelve inches above Plaintiff's property, which starkly changed the topography of the lot by no longer allowing it to carry water away from Plaintiff's property. She alleges that these changes unnecessarily "brought an unnatural volume of water penetrating into the areas of Plaintiff's home . . . which in turn has led to flood damage and mold growth."

Plaintiff states that Virginia's modified common law rule regarding surface water contains an exception that, "[an] upper landowner, in the improvement of his property, has no right to collect surface water in an *artificial channel* or drain and deposit it in *concentrated volume* upon the property of his neighbor." *Mason,* 189 Va. at 356-57 (emphasis added). Plaintiff argues that the present matter satisfies this exception because "the previous downspout carried rainwater down the sloping backyard and away from Plaintiff's home," but Tenants' new downspout collects water and diverts it toward Plaintiff's property in a high volume.

Plaintiff argues that, on demurrer, she does not have to plead any affirmative action by Owners to succeed. Owners did not "supply any authority that Plaintiff must plead anything more than their approval and authorization of the work in order to have them answer under these torts." Plaintiff claimed that she has repeatedly alleged that Owners have retained control of the premises, even though Owners claim they have not, and thus, "Plaintiff's damages do not result solely from the tenants' negligence; they result also from [Owners'] act of affirmative[ly] authorizing the modifications." Finally, Plaintiff argues that all of her allegations are allegations of fact that must be accepted as true on demurrer, based on *CaterCorp, Inc. v. Catering Concepts, Inc.,* 246 Va. 22, 24, 431 S.E.2d 277 (1993).

### Analysis

In order to recover for trespass to land:

[A] plaintiff must prove an invasion that interfered with the right of exclusive possession of the land, and that was a direct result of some act committed by the defendant. *Any physical entry upon the surface of the land constitutes such an invasion,* whether the entry is a walking upon it, *flooding it with water,* casting objects upon it, or otherwise.

*Collett,* 290 Va. 139 at 145, 772 S.E.2d 584 at 587 (quoting Cooper v. Horn, 248 Va. 417, 423, 448 S.E.2d 403 (1994)) (emphasis added).

In order to appropriately rule upon a claim for nuisance, the Court must consider anything that "endangers life or health, or obstructs the reasonable and comfortable use of property." *Collett,* 772 S.E.2d 584 at 587. However, any discomfort or annoyance that is pleaded must be significant to the point that it would bother a "normal person in the community." *Id.*

Finally, "[a] plaintiff who seeks to establish actionable negligence must plead the existence of a legal duty, violation of that duty, and proximate causation which results in injury." *Collett,* 772 S.E.2d 584 at 588. In cases that involve surface water, "[Plaintiff] ha[s] the burden to allege sufficient facts that would support a finding "that, in filling in [their] lots, the defendants acted wantonly, unnecessarily, or carelessly." *Collett,* 772 S.E.2d 584 at 588. The *Collett* Court stated that Virginia's modified common law rule regarding surface water supersedes the typical pleading rule for negligence it has previously set forth:

[The Plaintiff] also argues that, pursuant to Rule 3:18, she merely had to raise "[a]n allegation of negligence . . . without specifying the particulars of the negligence." However, because this case applies the modified common law rule applicable to surface water, [the Plaintiff] must allege some negligent action or actions on behalf of [the Defendants]. A simple factual recitation that [the Defendants] did what the common law allows them to do in maintaining their properties and a bare legal conclusion that they did so negligently is insufficient . . . as permitted under Virginia's modified common law rule regarding surface water.

*Collett,* 772 S.E.2d 584 at 588. In *Collett,* the Supreme Court of Virginia found that a circuit court properly sustained a demurer as to trespass, nuisance, and negligence counts because the Plaintiff did not plead facts sufficient to support his burden.

The *Collett* Court distinguished *Collett* from *Kurpiel v. Hicks,* 284 Va. 347, 731 S.E.2d 921 (2012). In *Kurpiel,* the Court found that the Plaintiff alleged multiple specific facts that showed more substantial damage than mere surface water spillover; the Plaintiff there pleaded that what "ran onto" his land also included "sediment loads and siltation" and that the defendants

demanded that the plaintiff make certain changes to the plaintiff's own property. *Kurpiel*, 284 Va. at 350, 356.

In the present matter, Plaintiff merely pleaded that the Tenants altered a downspout on the property they leased from Owners by extending it into the ground and the Tenants altered the grade of the backyard in raising it by twelve inches. Plaintiff alleged a severe mold problem on her property and stated that multiple remediation companies have told Plaintiff that remediation is impossible unless the source of the water problem is corrected. Distinct from *Kurpiel*, Plaintiff here did not plead that anything other than water was spilling over onto her property, and she also never pleaded that either Owners or Tenants ever requested that certain changes be made to her property.

Notably, the Complaint makes no mention of a specific duty owed to Plaintiff by Owners in the Complaint. Generally, where there is no duty, there can be no negligence. *See, e.g., R.G.R., L.L.C. v. Settle*, 288 Va. 260, 764 S.E.2d 8, 16 (2014) (quoting *Veale v. Norfolk & Western Ry.*, 205 Va. 822, 825, 139 S.E.2d 797 (1965)) (internal quotation marks omitted) ("[N]egligence is the violation of a legal duty which one owes to another, and where there is no legal duty there is no actionable negligence."). Virginia Code § 55-225.3 sets forth all of a landlord's duties in relation to maintenance of a dwelling unit for a tenant. Va. Code Ann. § 55-225.3 (2015). The Code states that the landlord's ordinary duties include complying with applicable health and safety codes, maintaining the dwelling unit such that it is in a fit and habitable condition, maintaining electrical, plumbing, ventilation, air-conditioning, and other facilities in working order, running water, hot water and heat, and preventing the accumulation of moisture that could lead to mold. Va. Code Ann. § 55-225.3(A)(1)-(5) (2015). In acting as landlord, the property owner is only required to act with "ordinary care." Va. Code Ann. § 55-225.3(B) (2015). According to § 55-225.3(D), "The landlord and tenant may agree *in writing* that the tenant perform the landlord's duties specified in subdivisions (A)(2) through (4), and also *specified repairs, maintenance tasks, alterations and remodeling,* but only if the transaction is entered into in good faith. . . ." *Id.* (emphasis added).

It is unclear whether Owners and Tenants have entered into a written agreement to make alterations to the property because the Complaint does not reference a lease or other written document, the lease was not attached to the Complaint, and the lease or other written agreement has not been submitted to the Court as evidence. Accord Owner Def.'s Dem. 3(a) ("The Complaint fails to properly plead a claim of negligence in that no facts are stated in support of Plaintiff's allegation that [Owners] breached any duty to Plaintiff by any specific action."). Plaintiff orally argued that she had obtained a lease document between Owners and Tenants that contained clauses in relation to a *respondeat superior* relationship but no such document was alleged in the Complaint.

Finally, Plaintiff attempts to distinguish this matter from *Collett* by arguing that Plaintiff fulfills the exception to Virginia's modified common law rule related to surface water. The Supreme Court of Virginia has clearly stated that:

> Surface water is considered a common enemy and each landowner, in the improvement or protection of his property, may fight it off as best he can, subject to the qualification that he must exercise his rights, not wantonly, unnecessarily, or carelessly, but in good faith and with such care as not to injure needlessly the property of the adjacent owner.

*Mason v. Lamb*, 189 Va. 348, 354-55, 53 S.E.2d 7 (1949). The *Mason* Court reasoned that the defendant had every right to fill in the depression in its land, because to deprive it of that right would have been the same as depriving the defendant of the use of its property. *Id.* at 355-56. However, the court in *Third Buckingham Community, Inc. v. Anderson* held that, "[i]f one accumulates surface water by artificial means so as considerably to increase the volume and detrimental effect with which it would flow on his neighbor's land, he thereby renders himself liable in an action of tort." *Third Buckingham Community, Inc. v. Anderson*, 178 Va. 478, 487, 17 S.E.2d 433 (1941).

The *Anderson* Court distinguished any case that "lacked the element of concentration" of the water, because the artificial structure itself was the only reason the high density of water collected would have flowed onto the plaintiff's land. *Id.* at 487-88. In this case, while there is an artificial structure (the underground downspout), (1) it is not alleged that it is directed toward Plaintiff's property and (2), prior to the improvements, it is alleged that there was also already a downspout, albeit a different one. Moreover, as Owners orally argued, a downspout is certainly distinguishable from an artificial structure concentrating water that changes the channel of a stream or body of water.

> Such water as falls on the defendant's lot is not collected in an artificial drain and deposited in concentrated volume on the plaintiff's land. It is scattered and diffused over the comparatively level surface of the lot, whence, in seeking a lower level, it drains partly toward the plaintiff's property and partly elsewhere. This is merely the unavoidable consequence of the exercise of defendant of his legal right to improve his property in the usual and customary way.

*Mason*, 189 Va. at 356-57 (citing *Harris Motor Co. v. Pulaski Furniture Co.*, 151 Va. 125, 134, 144 S.E. 414 (1928)). The downspout in the case at bar, as alleged by Plaintiff, is not pointed directly at her property, but

goes directly into the ground, though water ends up on Plaintiff's property: *"[R]ainwater exits into the ground of the elevated backyard grading, where it then migrates along the common wall between the two properties.* The aforesaid landscaping, additional fill, and alteration of the downspout . . . cause rain and surface water to be diverted onto Plaintiff's Property. . . ." (Emphasis added.) Plaintiff argued that the downspout, now buried in the ground, collects water on Owners' property and then pours it in volume into that area of the backyard adjacent to Plaintiff's townhouse. It is important to note that, in making this point, Plaintiff is conceding that the downspout is not directly forcing water onto Plaintiff's property, but rather that it is first collecting water on Owners' own property, which later ends up on Plaintiff's property. Thus, under the ruling in *Mason*, the water spilling over onto Plaintiff's property could be construed as the "unavoidable consequence" of the defendant's exercise of his "legal right to improve his property in the usual and customary way."

The *Collett* Court did not directly address the issue of the surface water exception However, as pleaded by the plaintiff, the Court still does not find that the plaintiff has articulated facts that would support any of the causes of action stated in the complaint.

### Conclusion

For the reasons stated above, Plaintiff did not plead sufficient facts to allege the three counts in the Complaint consisting of trespass, nuisance, and negligence. The demurrer to the Complaint is sustained, with leave to amend the Complaint granted to Plaintiff to file an amended complaint, should they choose to do so, within fourteen days.