# CIRCUIT COURT OF THE CITY OF NORFOLK

Kaneesha D. Cherry

v.

The Palace on
Plume Street,
Kenneth Bullock,
and The Palace, Inc.

September 16, 2015

Case No. (Civil) CL14-6642

BY JUDGE DAVID W. LANNETTI

Today the Court rules on the demurrer filed by Defendant The Palace, Inc. ("The Palace") to the amended complaint filed by Plaintiff Kaneesha D. Cherry (the "Second Demurrer"). Although the demurrer is styled as "Demurrer to Second Amended Complaint," The Palace clarified at the August 26, 2015, hearing that it should have been styled "Demurrer to First Amended Complaint." The two issues before the Court on demurrer are (1) whether Cherry sufficiently pleaded a cause of action against The Palace for battery under the theory of *respondeat superior* and (2) whether Cherry sufficiently pleaded a cause of action against The Palace for negligence. Although The Second Demurrer is phrased in terms of *respondeat superior* and the First Amended Complaint alleges the more broad vicarious liability, the two concepts merge under the circumstances alleged in the Complaint. The Court finds that Cherry, by amending her complaint, has sufficiently pleaded a master-servant relationship to support a *respondeat superior* claim against The Palace. The Court further finds that Cherry, by amending her complaint, has sufficiently pleaded that The Palace knew, or should have known, of a dangerous condition to support a negligence claim against The Palace.

The Court, therefore, overrules the Second Demurrer on both grounds.

*Background*

Cherry filed suit against several defendants alleging claims of assault, battery, and negligence arising out of an encounter that occurred on September 30, 2012, in The Palace on Plume Street in Norfolk, Virginia. (Am. Compl. 2.) Cherry alleges a business owner-invitee relationship between The Palace and Cherry. (*Id.* at 5.) Cherry contends that Elite "contracted with Defendant [The] Palace to provide security and other services to Defendant [The] Palace." (*Id.* at 2.) Cherry asserts that Defendant "John Doe" ("Doe") was employed by Defendant Elite Security Consultants, L.L.C. ("Elite") to "perform security duties within the [The Palace]" and that "Defendant Elite and Defendant [The] Palace had the right to control the progress and details of . . . Doe's work." (*Id.* at 3.)

Cherry alleges that Doe "committed multiple batteries" upon her and that she suffered injuries "[a]s a direct and proximate result" of that "attack." (*Id.* at 2.) Cherry further alleges that "[i]n the minutes prior to the attack . . . it became foreseeable that physical force was going to be necessary to maintain order in [The Palace]." (*Id.* at 6.) She argues that The Palace had "actual and/or constructive knowledge through its employed security guards and other employees that physical force was going to be necessary to maintain order in [The Palace]." (*Id.* at 5.) Cherry argues that The Palace, therefore, owed her a duty of care "to warn and/or protect [Cherry] against the danger of harm from reasonably foreseeable criminal acts committed by a third person" by virtue of a business owner-invitee relationship. (*Id.*)

Cherry asserts that The Palace is "vicariously liable for the acts of its contractor, Defendant Elite, and Defendant Elite's employee and agent . . . Doe." (*Id.* at 5.)

The Palace demurred to Cherry's initial Complaint and, after a hearing, the Court sustained the demurrer as to the vicarious liability and negligence counts via its March 17, 2015, Letter Opinion. The Court granted Cherry leave to amend her complaint, which she did. The Palace subsequently demurred to the First Amended Complaint.

*Positions of the Parties*

A. *The Palace's Second Demurrer*

The Palace demurs to the First Amended Complaint on several bases. It asserts that Cherry "does not state any allegations in her Amended Complaint to support the conclusion that The Palace directly employed nor controlled John Doe." (Dem. Am. Compl. 3.) The Palace also contends that the Complaint fails to establish a cause of action against it for negligence. (*Id.* at 6.) The Palace further argues that Cherry "fails to allege facts that an

unsafe condition existed for a length of time to establish a duty on the part of The Palace." (*Id.* at 8.)

## B. *Cherry's Memorandum in Opposition*

Cherry asserts that her First Amended Complaint sufficiently responds to the deficiencies noted in this Court's prior ruling. (Memo. in Opp'n Dem. Am. Compl. 1-2.) Regarding the *respondeat superior* claim, Cherry claims that she "corrected the deficiency by properly alleging that [The] Palace had the right to control the progress and details of . . . Doe's work." (*Id.* at 2.) Regarding the negligence claim, Cherry similarly asserts that she has "corrected the deficiency by properly alleging that [The] Palace had actual and/or constructive knowledge, through its employed security guards and other employees, of the situation in the club involving unruly patrons." (*Id.*)

## *Analysis*

## A. *Legal Standard*

A demurrer tests the legal sufficiency of the claims stated in the pleading challenged. *Dray v. New Mkt. Poultry Prods., Inc.*, 258 Va. 187, 189, 518 S.E.2d 312, 312 (1999). The only question for the court to decide is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the defendant. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123, 126-27 (2001). On demurrer, the court must admit the truth of all material facts properly pleaded, facts that are impliedly alleged, and facts that may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991). A demurrer does not admit the correctness of any conclusions of law. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997).

Even if imperfect, a complaint drafted such that a defendant cannot mistake the true nature of the claim should withstand demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). The court will not consider any factual assertions outside the pleadings for purposes of a demurrer. *See* Va. Code Ann. § 8.01-273 (1950).

Certain rules in the Rules of Supreme Court of Virginia apply to all proceedings. *See* Va. Code Ann. § 8.01-3. Accordingly, "[e]very pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense." Va. Sup. Ct. R. 1:4(d). Although "[a]n allegation of negligence . . . is sufficient without specifying the particulars of the negligence," Rule 3:18, a plaintiff still must allege facts sufficient to support each element of the claim. *Graves v. Mortgage Elec. Registration Sys.*, 2011 Va. Cir. LEXIS 97, at *14 (Va. Cir. June 29, 2011).

## B. *Discussion*

The Court has considered the pleadings, oral argument at the August 26, 2015, hearing, and applicable authorities.

### 1. *Cherry Sufficiently Pleaded a Cause of Action against The Palace for Battery Based on Respondeat Superior*

It is undisputed that Doe was employed by Elite and that Elite, and not Doe, contracted with The Palace. Doe therefore was an independent contractor of The Palace. In such a situation, The Palace would be liable for the acts or negligence of Doe based on vicarious liability or *respondeat superior* only if The Palace and Doe had a master-servant relationship. Such a relationship "is founded on the power which the superior has a right to exercise over the acts of his subordinates." *Bibb's Adm'r v. Norfolk & W. RR.,* 87 Va. 711, 731, 14 S.E. 163, 170 (1891). As the Supreme Court of Virginia has held, "while the selection of the servant, payment of his wages and power of dismissal are elements to be considered on the question of master and servant, they are not essential to that relationship; but the power of control is the most significant element bearing on that question." *Coker v. Gunter,* 191 Va. 747, 753, 63 S.E.2d 15, 17 (1951).

In this Court's ruling on The Palace's demurrer to Cherry's initial Complaint, the Court held that "a cause of action cannot and does not exist against The Palace because Cherry has not sufficiently pleaded facts to establish liability under a theory of *respondeat superior." Cherry v. The Palace on Plume St.,* 90 Va. Cir. 103 (2015). In her initial Complaint, Cherry argued that Elite, Doe's direct employer, had the right to control the progress and details of Doe's work, and Cherry maintained in her Memorandum in Opposition to Demurrer that it reasonably follows that The Palace had the right to control the progress and details of Doe's work within its own establishment. *Id.*

In her First Amended Complaint, Cherry no longer asks the Court to draw such a broad inference but instead directly alleges that "Elite *and* [The] Palace had the right to control the progress and details of . . . Doe's work." (Am. Compl. 3 (emphasis added).) Although this naked assertion is insufficient to prove by a preponderance of the evidence that a master-servant relationship existed between The Palace and Doe, when ruling on the Second Demurrer the Court must accept the truth of the allegation. The Court, therefore, finds based on the allegations in the First Amended Complaint that a master-servant relationship between The Palace and Doe has been alleged.

The Court overrules the Second Demurrer as to the vicarious liability count against The Palace.

## 2. *Cherry Sufficiently Pleaded a Cause of Action against The Palace for Negligence*

Pursuant to Rule 3:18 of the Rules of the Virginia Supreme Court, "[a]n allegation of negligence . . . is sufficient without specifying the particulars of the negligence." Va. Sup. Ct. R. 3:18. Notwithstanding this rule, "a plaintiff must still allege facts sufficient to support each element" of negligence. *Graves*, 2011 Va. Cir. LEXIS 97, at *14. Although this Court found Cherry's initial Complaint deficient, the Court finds that Cherry's First Amended Complaint has pleaded facts sufficient to support each element of negligence.

Cherry bases her negligence claim on the existence of an alleged business-invitee relationship between Cherry and The Palace. (Am. Compl. 5.) Cherry claims that this relationship created a duty on behalf of The Palace "to maintain the premises in a reasonably safe condition." (*Id.*) In her initial Complaint, Cherry asserted that "unruly patrons" put The Palace on notice that it had to "warn and/or protect [Cherry] from the acts of . . . Doe," who allegedly caused the unsafe condition. (Compl. 6.) Even considering this allegation to be true, as the Court must, the Court held in its ruling on The Palace's first demurrer that Cherry did not plead facts sufficient to constitute a cognizable negligence claim. Specifically, the Court found that, "[w]ithout the allegation of The Palace's knowledge, it would be a leap to conclude, based on the facts alleged, that a duty toward Cherry even existed for The Palace to breach." *Cherry, supra.*

Cherry's First Amended Complaint remedies the noted deficiency by specifically alleging that "[The] Palace had actual and/or constructive knowledge through its employed security guards and other employees, that physical force was going to be necessary to maintain order in [The Palace]." (Am. Compl. 5.) A business owner must have knowledge, whether actual or constructive, of the unsafe condition in order to have a duty to remedy that condition or warn invitees of the condition. *See Trimyer v. Norfolk Tallow Co.*, 192 Va. 776, 781-83, 66 S.E.2d 441, 444-45 (1951). Further, an employee's knowledge may be imputed to an employer business. *French v. Successors of Loyal Co.*, 32 Va. (5 Leigh) 627, 658 (1834). Because Cherry has alleged that The Palace knew or should have known of the unruly patrons based on knowledge of its employees, Cherry has established for the purposes of a demurrer that The Palace had a duty to warn or prevent the harm that Cherry subsequently suffered. Cherry, therefore, has presented a *prima facie* case of negligence against The Palace by alleging facts to suggest the following: that a business-invitee relationship existed; that The Palace had knowledge of the alleged unsafe conditions, thereby giving rise to a duty to cure or inform invitees of the condition; that The Palace failed to warn or cure the dangerous conditions, thereby breaching the duty; and that, as a proximate cause of this breach, Cherry was injured.

The Court overrules the Second Demurrer as to the negligence count against The Palace.

## Conclusion

The Court overrules The Palace's Second Demurrer as to the vicarious liability and negligence counts in Cherry's First Amended Complaint.